BROOKE KILLIAN KIM, SBN 239298
brooke.kim@dlapiper.com
**DLA PIPER LLP (US)**
4365 Executive Drive, Suite 1100
San Diego, California 92101-2133
Telephone: 619.699.3439
Facsimile: 619.699.2701

*Attorney for Defendant Nurture, LLC
and Liaison Counsel for Defendants*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: BABY FOOD PRODUCTS LIABILITY LITIGATION | Case No. 24-MD-301-JSC<br><br>MDL 3101 |
| This document relates to:<br><br>ALL ACTIONS | **DEFENDANTS' SUBMISSION IN SUPPORT OF ENTRY OF DIRECT FILING ORDER**<br><br>Date:     June 20, 2024<br>Time:     11:00 a.m. PT<br>Location: Courtroom 8<br>               19th Floor 450 Golden Gate Ave.<br>               San Francisco, CA 94102 |

Pursuant to Pretrial Order 3, Defendants Beech-Nut Nutrition Company, Gerber Products Company, Hain Celestial Group, Inc., Nurture, LLC (formerly Nurture, Inc), Plum, PBC, Sprout Foods, Inc., Walmart Inc., Amazon.com Services LLC, Campbell Soup Co., and Whole Foods Market Services, Inc., ("Defendants") submit the following position statement in support of entry of a Direct Filing Order.

The parties have reached a compromise on all but one provision of a Direct Filing Order. Defendants' proposed Order includes a prohibition against filing multi-plaintiff complaints, other than those involving derivative claimants. The disputed provision reads:

> With the exception of any complaint that includes plaintiffs who assert solely derivative claims, no multi-plaintiff complaint may be directly filed in MDL No. 3101. Complaints including more than one non-derivative claimant shall not be dismissed, provided that any plaintiff to such complaint files an amended complaint within 30 days of being informed of this provision. Amendments to sever multi-plaintiff complaints shall not require leave of Court.

Plaintiffs do not want any provision restricting their ability to file multi-plaintiff complaints. The disputed provision is consistent with the Federal Rules of Civil Procedure, helpful to the parties in organizing the case and pursuing resolution, and has been adopted by other MDL courts, including most recently by Judge Cote in the Acetaminophen – ASD-ADHD MDL and Judge Rosenberg in the Zantac MDL.

Defendants' proposed provision preventing multi-plaintiff complaints is aligned with Federal Rule of Civil Procedure 20. Rule 20 provides that multiple plaintiffs may be joined in a single action only if (A) they assert relief "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (B) the actions involve a question of law or fact common to all plaintiffs. Fed. R. Civ. Proc. 20(a)(1). Courts routinely find that personal injury claims of unrelated plaintiffs are not properly joined because they do not arise out of the same transaction or occurrence; rather, they involve plaintiffs who used different products, had different medical histories, and suffered distinct injuries. *See*, *e.g.,*, *Adams v. I-Flow Corp.*, No. CV09–09550 R(SSx), 2010 WL 1339948, at *8 (C.D. Cal. March 30, 2010) (finding that mere use of the same medical device did not justify joinder of plaintiffs who had different medical histories, had different surgeries performed by

different physicians, and had different risk factors); *Ellis v. Evonik Corp.*, 604 F. Supp. 3d 356, 376-79 (E.D. La. 2022) (severing claims based, in part, on the significant differences in the timing and length of each plaintiff's exposure to a toxic substance); *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, 779 F. Supp. 2d 846, 856 (S.D. Ill. 2011) (finding misjoinder of plaintiffs where plaintiffs "were prescribed different drugs…by different doctors at different times, have different medical histories, and utilized different pharmacies" were not properly joined); *Bartis v. Biomet, Inc.*, No. 4:13-CV-00657-JAR, 2021 WL391708, at *2 (E.D. Mo. Feb. 4, 2021) (holding that even under a "very broad" interpretation of Rule 20 joinder, plaintiffs' claims are not "transactionally linked" if the plaintiffs' only argument is that the plaintiffs used the same product and received the same treatment for their injury).

In this MDL, each of the plaintiffs ate different baby food products manufactured or sold by different entities at different times. The products contained different ingredients and accordingly, different levels of trace heavy metals. Each plaintiff has a different medical history, suffered a different purported injury, and received different treatment. Simply put, these cases involve no common transaction or occurrence.

Ordering Plaintiffs who have severable claims to file separate actions promotes efficiency. Because personal injury claims of unrelated plaintiffs are severable under Rule 21, preventing their filing at this juncture will save the Court the effort of deciding future motions to sever. Additionally, the filing of separate complaints is critical to the organization and resolution of the case. In coordinated proceedings with no prohibition against multi-plaintiff cases, it is Defendants' experience that Plaintiffs' firms routinely join dozens of plaintiffs, even plaintiffs represented by different firms. It can be difficult to identify which firm represents each plaintiff or which facts in the complaint pertain to each plaintiff. Under these circumstances, it becomes impossible to identify relevant cases for bellwether selection, to sort out which product use or other allegations pertain to each plaintiff at the summary judgment phase, or to understand exactly how many plaintiffs each firm has (and what the key allegations are as to those plaintiffs)

1  when parties discuss resolution, whether by motion practice directed at all plaintiffs alleging
2  specific facts (e.g., use of a particular type of product) or settlement.
3      For these reasons, MDL courts routinely include a prohibition against multi-plaintiff
4  complaints. *In re: Acetaminophen – ASD-ADHD Prods. Liab. Litig.*, MDL 3043, Dkt. 238 (Dec.
5  2, 2022) ("With the exception of complaints that include plaintiffs who are immediate family
6  members or who solely assert derivative claims, no multi-plaintiff complaints may be directly
7  filed in the MDL.") (attached as Exhibit C); *In re: Zantac (Ranitidine) Prods. Liab. Litig.*, MDL
8  2924, Dkt. 422 ("With the exception of complaints that include plaintiffs who solely assert
9  derivative claims, no multi-plaintiff complaints may be directly filed in MDL No. 2924.")
10  (attached as Exhibit D). Other MDL courts have noted the problems which can arise by permitted
11  multi-plaintiff complaints, which may disguise jurisdictional and venue shortcomings. *See In re:*
12  *Roundup Prods. Liab. Litig.*, MDL 2741, Dkt. 7196 (discussing multi-plaintiff lawsuit, which
13  permitted plaintiffs to file claims in violation of the rules of personal jurisdiction and venue).
14      Defendants respectfully request that the Court enter the direct filing order proposed by
15  Defendants, which includes a prohibition against multi-plaintiff complaints in Paragraph I(B).

                                                       Respectfully submitted,

Dated:  June 13, 2024                      DLA PIPER LLP (US)

                                           By: */s/ Brooke Killian Kim*
                                           Brooke Killian Kim (CA Bar No. 239298)
                                           4365 Executive Drive, Suite 1100
                                           San Diego, CA 92121
                                           Telephone: (619) 699-3439
                                           Facsimile: (858) 677-1401
                                           E-mail: brooke.kim@dlapiper.com

                                           *Liaison Counsel for Defendants*