**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: BABY FOOD PRODUCTS LIABILITY LITIGATION<br><br><br>This Document Relates to:<br>ALL ACTIONS | Case No. 24-md-3101-JSC<br><br>MDL 3101<br><br>Hon. Jacqueline Scott Corley<br><br>**JOINT STATEMENT FOR JULY 25, 2024 CASE MANAGEMENT CONFERENCE**<br><br>Date:          July 25, 2024<br>Time:         11:00 a.m. PT<br>Location:    Courtroom 8<br>                   19th Floor 450 Golden Gate Ave.<br>                   San Francisco, CA 94102 |

Plaintiffs and Defendants[1] submit this Case Management Conference Statement in advance of the July 25, 2024 Case Management Conference, pursuant to Pretrial Order No. 4 (ECF No. 188).

## I.    MASTER COMPLAINT

On July 15, 2024, Plaintiffs filed the master complaint. The master complaint identifies 14 defendants (listed below), including four defendants that have not previously been named in a complaint: Hero A.G., Neptune Wellness Solutions, Nestlé Holdings, Inc., and Sun-Maid Growers of California. Because each one of these four defendants are either a parent or holding company for a previously named manufacturing defendant, Plaintiffs believe these entities are important and potentially liable parties related to certain baby foods sold under the brands Beech-Nut (Hero Group), Plum (Sun Maid), Gerber (Nestlé Holdings), and Sprout (Neptune Wellness Group).

Plaintiffs will file complaints naming some or all of these entities, depending on each case, in future complaints to be centralized in this MDL as well as potential Defendants in short form complaints for cases already on file.

*Defendants in Master Complaint:*

1.    Beech-Nut Nutrition Company

2.    Campbell Soup Company

3.    Danone S.A.

4.    Gerber Products Company

5.    Hain Celestial Group, Inc.

6.    Hero A.G.

7.    Neptune Wellness Solutions

8.    Nestlé Holdings, Inc.

9.    Nestlé S.A.

---

[1] As described more fully below, the master complaint identifies four new defendants who have not yet been named in any prior complaint, nor served or appeared in this MDL: Hero A.G., Neptune Wellness Solutions, Nestlé Holdings, Inc., and Sun-Maid Growers of California. These defendants did not participate in this joint CMC statement and are not included in the definition of "Defendants."

10.    Nurture, LLC

11.    Plum, PBC

12.    Sprout Foods, Inc.

13.    Sun-Maid Growers of California

14.    Walmart, Inc.

As Plaintiffs' explain in the master complaint, in the absence of discovery from Defendants on the product formulation and concentrations of toxic heavy metals found in each of Defendants' baby food products, Plaintiffs identified the defective products—whether by manufacturing error, design, or by labeling—by defining defect within the context of having detectable levels of toxic heavy metals in food sold for infants. Indeed, the master complaint alleges that, "each baby food product sold by these Defendants that contained detectible amounts of Toxic Heavy Metals (collectively "Contaminated Baby Food") were defective in their manufacture, design, and labeling. Attached as Appendix A to the master complaint is a comprehensive list of baby food products that Plaintiffs believe contain detectable amounts of Toxic Heavy Metals, *i.e.,* the defective products. At this point, without fulsome testing discovery, Appendix A is Plaintiffs' good faith list of defective products.

Defendants note that the master complaint identifies a heavy metal (aluminum) that has not been alleged as a mechanism of injury in any case currently included in the MDL and an injury (ADHD) that has never been alleged as a standalone injury in any case included in the MDL. Plaintiffs include allegations regarding aluminum and add a stand-alone injury for the first time in the master complaint. Further, Defendants contend that Appendix A does not comport with the Court's instructions to Plaintiffs regarding the identification of products Plaintiffs allege are defective. The master complaint attaches Appendix A, which consists of a "running list of baby food products sold by Defendants," which includes product lines such as infant formula that were not previously placed at issue by any plaintiff.

Defendants are still assessing the master complaint, but those Defendants who were previously named intend to bring Rule 12 motions on the schedule identified in the previously-

2

named parties' stipulation dated June 27, 2024.[2]

## II.    ESI PROTOCOL AND PROTECTIVE ORDER

In Pretrial Order No. 4, the Court ordered the parties to meet and confer and to submit a proposed ESI protocol and protective order on or before July 18, 2024. The parties engaged in several meet-and-confer discussions and exchanged multiple drafts of the documents.[3]

The parties have worked hard to cooperate in developing an agreed protocol and protective order and are continuing to reach agreement on many provisions. Even so, a handful of issues will likely require briefing, including production of hyperlinked documents, logging of redacted documents, email threading, and preservation issues. Pursuant to stipulation of the parties, on July 19, 2024, the Court ordered (ECF No. 200) that the parties have until August 1, 2024 to submit a proposed ESI protocol and protective order.

## III.    GENERAL CAUSATION DISCOVERY

On July 18, 2024, Plaintiffs propounded general causation discovery requests on Defendants. Attached as Exhibit A and B are a copy of the interrogatories and requests for production propounded by Plaintiffs on Nurture LLC (these were identically served on all Defendants who have appeared in this MDL). Plaintiffs are seeking substantially similar discovery from each Defendant named in the Master Complaint, including the foreign parent companies who are challenging jurisdiction. The categories of information sought in the discovery include:

- Finished product and ingredient heavy metal testing from January 1, 2004 to present.

_____

[2] As noted above, the four newly-named entities have not entered their appearance in this MDL or in any previously-filed individual case. Further discussions may be required to coordinate the timing of their responses.

[3] Foreign defendants Nestlé S.A. and Danone S.A. have not participated in the meet-and-confer discussions as they are moving to dismiss for lack of personal jurisdiction and contend that they should not be subject to an ESI protocol that broadly governs merits discovery at this time. Any cross-border discovery on Nestlé S.A. and Danone S.A. implicates unique issues that should be addressed separately. Plaintiffs contend that, because both Nestlé S.A. and Danone S.A have been properly served with process in at least one MDL 3101 case, they should participate in the meet-and-confer discussions and their failure to engage is at their peril.  Coordination is the purpose of an MDL, and intransigent Defendants should be encouraged to engage in good faith coordination.

3

JOINT STATEMENT FOR JULY 25, 2024 CASE MANAGEMENT CONFERENCE
24-MD-3101-JSC

- Communications relating to whether heavy metals cause or are associated with various neurodevelopmental harms.

- Documents and communications produced to legislative, regulatory, and enforcement bodies relating to heavy metals.

- Policies and procedures relating to heavy metal testing.

- The identity of each product made by Defendants from January 1, 2004 to present, and for each, its SKU, the time it was available for sale, where it was sold, and when it was available in each location.

- The co-manufacturer for each product and the period that co-manufacturer was making the product.

- For each product, what Defendants contend to be the average concentration of lead, arsenic, inorganic arsenic, mercury, cadmium, and aluminum.

- For each product, the formulation.

- For each ingredient used in each product, the name and address of every source of the ingredient and the average concentration of lead, arsenic, inorganic arsenic, mercury, cadmium, and aluminum.

- The bates number of each document containing unique finished product heavy metals testing.

- For each heavy metal test, whether the product tested was available for sale to the general public.

- For each heavy metal test, whether Defendants dispute the accuracy of the test.

- The bates number of each document containing unique ingredient heavy metal testing.

- For each ingredient heavy metal test, whether the ingredient was used in a product available for sale to the general public.

- For each ingredient heavy metal test, whether Defendants dispute the accuracy of the test.

- The names and addresses of each third-party lab or organization that tested Defendants' baby foods for heavy metals.

In addition, Plaintiffs propounded 13 interrogatories and one request for production seeking information on Defendants' information governance organizations, systems and software, document retention policies, organizational communication software, productivity and content creation

4

software, mobile device management technology, structured information systems, document management systems, internet usage, discrete information systems, third parties with business information, litigation holds, and custodians.

Defendants contend that the above requests are beyond what is required for the general causation phase of the proceedings, and are otherwise overbroad and unduly burdensome. Plaintiffs believe these targeted and specific discovery requests, seeking to establish exactly what the toxic heavy metal concentrations in Defendants' baby food products, are at the core of general causation, which will include consideration of baby food products. Though the parties hope to narrow discovery disputes through meet and confer efforts, they anticipate asking for the Court's guidance in resolving some disputes as to the scope of general causation discovery, such that the Court rule on these disputes at the August 22, 2024 case management conference. Additionally, Danone S.A. and Nestlé S.A. contend that they are challenging jurisdiction, do not intend to participate in the general causation proceeding in light of those challenges, and contend that it was improper for Plaintiffs to propound merits discovery on them at this time. Plaintiffs contend that both Nestlé S.A. and Danone S.A. have been properly served process in at least one MDL 3101 case and are named in the master complaint. As named defendants, Plaintiffs believe they should participate in the general causation proceeding, and that their refusal to participate in the MDL's process will needlessly delay this process.[4]

Because the discovery was just served last Thursday, July 18, 2024, the meet and confer process has yet to begin. The parties propose that they discuss a briefing schedule for motion practice relating to the discovery requests with the Court on July 25, 2024.

## IV. TIMING OF GENERAL CAUSATION PROCEEDING

The parties exchanged proposed schedules for the general causation proceeding. The

---

[4] At this time, Plaintiffs understand that Nestle S.A. and Danone S.A. will be contesting this Court's jurisdiction and understand that argument might delay their participation in the general causation proceeding. Plaintiffs contend that to allow two named defendants to unilaterally declare that they "will not be participating in the general causation proceeding," is improper and unfairly prejudicial to MDL 3101 Plaintiffs.

JOINT STATEMENT FOR JULY 25, 2024 CASE MANAGEMENT CONFERENCE
24-MD-3101-JSC

schedule will depend on the scope of discovery permitted and the timing of resolving disputes about the scope of discovery. Additionally, Plaintiffs contend that the resolution of jurisdictional challenges will impact the timing of the general cause proceeding because the foreign Defendants have important discovery relevant to the general causation question; Defendants contend that the general cause proceeding may proceed during the pendency of the jurisdictional challenges. The parties intend to continue discussing scheduling as part of the meet and confer process with respect to discovery.

Dated:  July 23, 2024                         Respectfully submitted,

                                              WISNER BAUM, LLP

                                              By: */s/ R. Brent Wisner*
                                              R. Brent Wisner (SBN: 279023)
                                              rbwisner@wisnerbaum.com
                                              100 Drakes Landing Rd., Suite 160
                                              Greenbrae, CA 94904
                                              Telephone: (310) 207-3233
                                              Facsimile: (310) 820-7444

                                              By: */s/ Aimee H. Wagstaff*
                                              Aimee H. Wagstaff (SBN: 278480)
                                              940 N. Lincoln Street
                                              Denver, Colorado 80203
                                              Telephone: 303.376.6360
                                              Facsimile: 303.376.6361
                                              awagstaff@wagstafflawfirm.com

                                              *Co-Lead Counsel for Plaintiffs in MDL 3101*

Dated: July 23, 2024                          Respectfully submitted,

                                              DLA PIPER LLP (US)

                                              By: */s/ Brooke Killian Kim*
                                              Brooke Killian Kim (CA Bar No. 239298)
                                              4365 Executive Drive, Suite 1100
                                              San Diego, CA 92121
                                              Telephone: (619) 699-3439
                                              Facsimile: (858) 677-1401
                                              E-mail: brooke.kim@dlapiper.com

                                              Mary Gately (*pro hac vice*)

6

500 Eighth Street NW
Washington, DC 20004
Telephone: (202) 799-4507
Facsimile: (202) 799-5507
E-mail: mary.gately@dlapiper.com

Loren H. Brown (*pro hac vice*)
1251 Avenue Of The Americas
New York, NY 10020
Telephone: (212) 335-4846
Facsimile: (212) 884-8546
E-mail: loren.brown@dlapiper.com

*Attorneys for Defendant Nurture, LLC*

COVINGTON & BURLING LLP

By: */s/ Michael X. Imbroscio*
Michael X. Imbroscio (*pro hac vice*)
Phyllis A. Jones (*pro hac vice*)
David N. Sneed (*pro hac vice*)
850 Tenth Street NW
Washington, DC 20001
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749
mimbroscio@cov.com
pajones@cov.com
dsneed@cov.com

*Attorneys for Defendant The Hain Celestial Group, Inc.*

KING & SPALDING LLP

By: */s/ Livia M. Kiser*
Livia M. Kiser (CA Bar No. 285411)
Michael Anthony Lombardo (CA Bar No. 311365)
110 N. Wacker Drive, Suite 3800
Chicago, IL 60606
Telephone: (312) 764-6911
Facsimile: (312) 995-6330
E-mail: lkiser@kslaw.com
E-mail: mlombardo@kslaw.com

Todd P. Davis (*pro hac vice*)
1180 Peachtree Street NE, Suite 1600

7

JOINT STATEMENT FOR JULY 25, 2024 CASE MANAGEMENT CONFERENCE
24-MD-3101-JSC

Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
E-mail: tdavis@kslaw.com

*Attorneys for Defendants Beech-Nut Nutrition
Company and Walmart Inc.*

WHITE & CASE LLP

By: */s/ Bryan A. Merryman*
Bryan A. Merryman (CA Bar No.134357)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
E-mail: bmerryman@whitecase.com

*Attorneys for Defendant Gerber Products Company*

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Michael R. Klatt*
Michael R. Klatt (*pro hac vice*)
Nancy Mae Erfle
2705 Bee Caves Road, Suite 220
Austin, TX 78746
Telephone: (512) 582-6485
Facsimile: (512) 391-0183
E-mail: mklatt@grsm.com
E-mail: nerfle@grsm.com

*Attorneys for Sprout Foods, Inc.*

DECHERT LLP
By: */s/ Hope Freiwald*
Hope Freiwald (*pro hac vice*)
Katherine Unger Davis (*pro hac vice*)
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-2514
E-mail: hope.freiwald@dechert.com
E-mail: katherine.ungerdavis@dechert.com

*Attorneys for Defendant Plum, PBC*

COZEN O'CONNOR

8

By: /s/ Peter M. Ryan
Peter M. Ryan (*pro hac vice*)
Joan M. Taylor (*pro hac vice*)
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 665-2130
E-mail: pryan@cozen.com
E-mail: joantaylor@cozen.com

*Attorneys for Defendant Campbell Soup Company*

BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ

By: /s/ Brian M. Ballay
Brian M. Ballay (pro hac vice)
Steven F Griffith, Jr. (pro hac vice)
Samuel L., Felker (pro hac vice)
Alexandra B. Rychlak (pro hac vice)
N. Kordell Caldwell (pro hac vice)
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
E-mail: bballay@bakerdonelson.com
E-mail: sgriffith@bakerdonelson.com
E-mail: samfelker@bakerdonelson.com
E-mail: arychlak@bakerdonelson.com
E-mail: kcaldwell@bakerdonelson.com

*Attorneys for Defendant Whole Foods Market
Services, Inc.*

DAVIS WRIGHT TREMAINE, LLP

By: /s/ Ashley Vulin
Ashley Vulin (pro hac vice)
P. Andrew McStay, Jr. (pro hac vice)
Verónica Muriel Carrioni (pro hac vice)
560 SW 10th Avenue, Suite 700
Portland, OR 97205
Telephone: (503) 778-5493
Facsimile: (503) 276-5793
E-mail: AshleyVulin@dwt.com
E-mail: Andymcstay@dwt.com

9

E-mail: veronicamuriel@dwt.com

*Attorneys for Defendant Amazon.com Services LLC*

JOINT STATEMENT FOR JULY 25, 2024 CASE MANAGEMENT CONFERENCE
24-MD-3101-JSC

1

## ATTESTATION OF CONCURRENCE IN FILING

2        In accordance with the Northern District of California Local Rule 5-1(i)(3), I attest that

3  concurrence in the filing of this document has been obtained from each of the signatories who are

4  listed on the signature page.

5  Dated:  July 23, 2024                          WISNER BAUM, LLP

6

7                                                 By:  *R. Brent Wisner*_____
                                                       R. Brent Wisner (SBN 279023)

8                                                 *Attorneys for Plaintiffs*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STATEMENT FOR JULY 25, 2024 CASE MANAGEMENT CONFERENCE
24-MD-3101-JSC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 23, 2024, I electronically filed the foregoing Initial Status Conference Statement with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

*/s/ R. Brent Wisner*
R. Brent Wisner

JOINT STATEMENT FOR JULY 25, 2024 CASE MANAGEMENT CONFERENCE
24-MD-3101-JSC