UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BABY FOOD PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br> ALL ACTIONS | Case No. 24-md-03101-JSC<br><br>**PRETRIAL ORDER NO. 7** |

As discussed at the further case management conference held on August 22, 2024, the Court ORDERS:

**1. Production of Baby Food Heavy Metal Test Results**

Defendants shall produce baby food heavy metal test results (both ingredients and final products) and product formulas for the ten-year period between 2012 and 2021 for the 600 products identified on Appendix A to the Master Complaint. (Dkt. No. 197-1.) To the extent a defendant contends that going back to 2012 presents an unreasonable burden, that defendant must move the Court for a protective order modifying its order to produce test results back to 2012. Any motion for a protective order shall be in the form of a discovery dispute joint statement as set forth in the Court's Civil Standing Order.

The Court's adoption of Defendants' cut-off date is expressly conditioned on their agreement that if the Court finds Plaintiffs have submitted sufficient admissible evidence to satisfy general causation, Defendants cannot argue that finding does not apply to MDL Plaintiffs who consumed baby food prior to 2012.

### 2. Production of Water Heavy Metal Test Results

Defendants will produce any heavy metal test results for water used in manufacturing baby food products, for the ten-year period between 2012 and 2021. To the extent a defendant contends that going back to 2012 presents an unreasonable burden, that defendant must move the Court for a protective order modifying its order to produce test results back to 2012. Any motion for a protective order shall be in the form of a discovery dispute joint statement as set forth in the Court's Civil Standing Order.

### 3. Identification of Third-Party Co-Manufacturers

Defendants shall identify any third-party co-manufacturers that made the baby food products listed on Appendix A to the Master Complaint, for the ten-year period between 2012 and 2021. Any Defendant that does not have a significant amount of baby food heavy metal test results for the relevant period shall also identify their suppliers.

### 4. Third-Party Subpoenas

No party shall issue third-party subpoenas until agreement of Plaintiffs and the relevant defendant or further order of the Court.

### 5. Initial Disclosures

The Court is not requiring initial disclosures at this time. Once the initial discovery has been produced and reviewed, the Court will revisit if and what initial disclosures are needed.

### 6. Preservation Efforts

On or before September 12, 2024, each Defendant shall file with the Court a document detailing all the steps Defendant has taken for evidence preservation, including when litigation holds have been placed and how implemented. At the next case management conference the Court will address Plaintiffs' request, if any, for additional information.

### 7. ESI Protocol

On or before September 19, 2024, the parties shall jointly submit the agreed-to ESI protocol, along with competing proposals for areas of disagreement, and the reasons the party believes the Court should adopt the party's proposal.

**8. Future Case Management Conferences**

The Court will hold a further case management conference on September 26, 2024 at 11:00 a.m. in Courtroom 8, 450 Golden Gate Avenue.  An updated joint case management conference statement is due September 24, 2024 by noon.

The Court will also hold case management conferences on November 7, 2024 and December 12, 2024 in person and at 11:00 a.m.

**IT IS SO ORDERED.**

Dated:  August 22, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge