Peter Ryan (*Admitted Pro Hac Vice*)
Email: pryan@cozen.com
Joan Taylor (*Admitted Pro Hac Vice*)
Email: joantaylor@cozen.com
COZEN O'CONNOR
1650 Market St., Suite 2800
Philadelphia, PA 19103
Telephone: 215-665-2000

Brett Taylor (SBN 274400)
Email: btaylor@cozen.com
COZEN O'CONNOR
401 Wilshire Blvd, Suite 850
Santa Monica, CA 90401
Telephone: 310-393-4000

Attorneys for Defendant
Campbell Soup Company

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BABY FOOD PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 24-MD-3101-JSC<br><br>MDL 3101<br><br>**DEFENDANT CAMPBELL SOUP COMPANY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6) TO DISMISS PLAINTIFFS' MASTER LONG-FORM COMPLAINT**<br><br>Hearing Date: February 27, 2025<br>Time:         9:00 a.m.<br>Location:    Courtroom 8 |

**DEFENDANT CAMPBELL SOUP COMPANY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6) TO DISMISS PLAINTIFFS' MASTER LONG-FORM COMPLAINT, Case No. 24-MD-3101-JSC**

LEGAL\74396385\1

Defendant Campbell Soup Company requests that this Court take judicial notice pursuant to Federal Rule of Evidence 201 of the following publicly available documents:

1. A true and correct copy of Campbell Soup Company's Form 10-Q dated May 2, 2021, which is **Exhibit A** to the attached Declaration of Peter M. Ryan in Support of Defendant Campbell Soup Company's Request for Judicial Notice in Support of Motion Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to Dismiss Plaintiffs' Master Long-Form Complaint [hereinafter "Ryan Decl.].

2. A true and correct copy of Plum, PBC's Certificate of Good Standing from Delaware's Secretary of State, retrieved on October 17, 2024, attached as **Exhibit B** to the Ryan Declaration.

3. A true and correct copy of Campbell Soup Company's Form 10-K dated July 28, 2013, attached as **Exhibit C** to the Ryan Declaration.

4. A true and correct copy of Campbell Soup Company's Form 8-K dated June 9, 2021, attached as **Exhibit D** to the Ryan Declaration.

5. A true and correct copy of Campbell Soup Company's attachment to the Form 8-K dated June 9, 2021, attached as **Exhibit E** to the Ryan Declaration.

6. A true and correct copy of the Nest Collective, Inc.'s Statement and Designation by Foreign Corporation dated January 12, 2009, attached as **Exhibit F** to the Ryan Declaration.

7. A true and correct copy of Plum, Inc.'s Amended Statement by Foreign Corporation dated November 5, 2012, attached as **Exhibit G** to the Ryan Declaration.

8. A true and correct copy of Plum, Inc.'s Name Change to Plum PBC dated August 1, 2013, attached as **Exhibit H** to the Ryan Declaration.

9. A true and correct copy of Plum PBC's Name Change to Plum, PBC dated October 2, 2013, attached as **Exhibit I** to the Ryan Declaration.

10. A true and correct copy of the Registration of Plum Stylized Trademark dated January 5, 2016, attached as **Exhibit J** to the Ryan Declaration.

11. A true and correct copy of the USPTO Notice of Acceptance and Renewal dated October 3, 2016, attached as **Exhibit K** to the Ryan Declaration.

12. A true and correct copy of the Registration of Plum Trademark dated March 7, 2017, attached as **Exhibit L** to the Ryan Declaration.

I.  **LEGAL STANDARD**

Federal courts may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Ninth Circuit has found that "[a] trial court may presume that public records are authentic and trustworthy." *Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir. 1999). "[U]nder Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'" *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001).

In *U.S. ex rel. Modglin v. DJO Global Inc.,* 48 F. Supp. 3d 1362 (C.D. Cal. 2014), the court noted that it could take judicial notice of "'[p]ublic records and government documents available from reliable sources on the Internet,' such as websites run by governmental agencies." *Id*. at 1381 (internal quotations and citation omitted); *see also Metzler Inv. GMBH v. Corinthian Colleges, Inc*., 540 F.3d 1049, 1064 n. 7 (9th Cir. 2008) (SEC filings subject to judicial notice); *He Nam You v. Japan*, 150 F. Supp. 3d 1140, 1149 n.4 (N.D. Cal. 2015) ("Judicial notice is taken of the certificates of incorporation of each defendant as public documents.…"); *Vigil v. Walt Disney Co.*, No. C-95-1277-MHP, 1995 WL 621832, at *2 (N.D. Cal. Oct. 16, 1995) (taking judicial notice of official documents from the Patent and Trademark Office).

II.  **ARGUMENT**

Campbell Soup Company respectfully requests that the Court take judicial notice of the following adjudicative facts: (1) Campbell Soup Company is a publicly traded corporation incorporated in the State of New Jersey; (2) Plum, PBC is a public benefit corporation incorporated in the State of Delaware; and (3) Plum, PBC, was an indirectly wholly owned subsidiary of Campbell Soup Company from June 13, 2013, until May 3, 2021, when Plum, PBC, was sold in a stock purchase agreement to Sun-Maid Growers of California. The Court may take judicial notice of these facts because they are relevant to the allegations in Plaintiffs' Master Long-Form Complaint against

2

**DEFENDANT CAMPBELL SOUP COMPANY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6) TO DISMISS PLAINTIFFS' MASTER LONG-FORM COMPLAINT, Case No. 24-MD-3101-JSC**

LEGAL\74396385\1

Campbell Soup Company and appear in documents that are reliable and publicly available. Plaintiffs cannot reasonably dispute the authenticity of **Exhibits A-L** to the Ryan Declaration.

Judicially noticed facts often consist of matters of public record, such as documents filed with federal and state agencies. Federal courts "may presume that public records are authentic and trustworthy," *Gilbrook*, 177 F.3d at 858. These public records include filings with the Securities and Exchange Commission, records from the Delaware Division of Corporations, and official documents from the U.S. Patent and Trademark Office. *See Metzler Inv. GMBH*, 540 F.3d at 1064 n.7 (SEC filings subject to judicial notice); *He Nam You*, 150 F. Supp. 3d at 1149 n.4 (taking judicial notice of the certificates of incorporation as public documents); *Vigil*, No. C-95-1277-MHP, 1995 WL 621832, at *2 (taking judicial notice of official documents from the U.S. Patent and Trademark Office).

The Master Long-Form Complaint alleges that "Campbell sold baby food under the brand name Plum Organics through Plum." Compl. ¶ 25. The Complaint also alleges that "allegations related to Plum between 2013 and May 3, 2021 apply equally to Campbell." *Id.* ¶ 27. Campbell Soup Company respectfully requests that the Court take judicial notice of **Exhibits A-L** to the Ryan Declaration, which show that Plum, PBC was and is a duly incorporated Delaware public benefit corporation with its own products and marks, separate and distinct from Campbell Soup Company.

### III.  CONCLUSION

For the foregoing reasons, Campbell Soup Company respectfully requests that the Court grant this request and take judicial notice of:

1.  Campbell Soup Company's Form 10-Q dated May 2, 2021, attached as **Exhibit A** to the Ryan Declaration.

2.  Plum, PBC's Certificate of Good Standing from Delaware's Secretary of State, retrieved on October 17, 2024, attached as **Exhibit B** to the Ryan Declaration.

3.  Campbell Soup Company's Form 10-K dated July 28, 2013, attached as **Exhibit C** to the Ryan Declaration.

4.  Campbell Soup Company's Form 8-K dated June 9, 2021, attached as **Exhibit D** to the Ryan Declaration.

3

**DEFENDANT CAMPBELL SOUP COMPANY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6) TO DISMISS PLAINTIFFS' MASTER LONG-FORM COMPLAINT, Case No. 24-MD-3101-JSC**

LEGAL\74396385\1

5. Campbell Soup Company's attachment to the Form 8-K dated June 9, 2021, attached as **Exhibit E** to the Ryan Declaration.

6. Nest Collective, Inc.'s Statement and Designation by Foreign Corporation dated January 12, 2009, attached as **Exhibit F** to the Ryan Declaration.

7. Plum, Inc.'s Amended Statement by Foreign Corporation dated November 5, 2012, attached as **Exhibit G** to the Ryan Declaration.

8. Plum, Inc.'s Name Change to Plum PBC dated August 1, 2013, attached as **Exhibit H** to the Ryan Declaration.

9. Plum PBC's Name Change to Plum, PBC dated October 2, 2013, attached as **Exhibit I** to the Ryan Declaration.

10. Registration of Plum Stylized Trademark dated January 5, 2016, attached as **Exhibit J** to the Ryan Declaration.

11. USPTO Notice of Acceptance and Renewal dated October 3, 2016, attached as **Exhibit K** to the Ryan Declaration.

12. Registration of Plum Trademark dated March 7, 2017, attached as **Exhibit L** to the Ryan Declaration.

Respectfully submitted,

Dated: December 2, 2024            **COZEN O'CONNOR**

/s/    Peter M. Ryan
Peter M. Ryan
Joan M. Taylor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103

Brett Taylor
401 Wilshire Blvd., Suite 850
Santa Monica, CA 90401

*Counsel for Campbell Soup Company*

4

**DEFENDANT CAMPBELL SOUP COMPANY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6) TO DISMISS PLAINTIFFS' MASTER LONG-FORM COMPLAINT, Case No. 24-MD-3101-JSC**

LEGAL\74396385\1