1
2
3
4                    UNITED STATES DISTRICT COURT
5                  NORTHERN DISTRICT OF CALIFORNIA
6
7   IN RE: BABY FOOD PRODUCTS              Case No.  24-md-03101-JSC
    LIABILITY LITIGATION
8   ─────────────────────────────         **PRETRIAL ORDER NO. 10**
9   This document relates to:
10          ALL ACTIONS
11
12
13          This Order confirms the matters discussed at the December 12, 2024 case management
14   conference.
15          **1.      Expert Discovery Schedule**
16          The Court adopts Defendants' Proposed Compromise Deadlines as set out on pages 7 and
17   8 of the parties' Joint Statement For December 12, 2024 Case Management Conference.  (Dkt.
18   No. 288.)  The adopted schedule and filing deadlines are reproduced below:
19          • **Plaintiff Expert Reports:**              April 25, 2025
20          • **Defendant Expert Reports:**             June 6, 2025
21          • **Plaintiff Rebuttal Expert Reports**      June 20, 2025
22          • **Close of General Causation Discovery:**  August 22, 2025
23          • **Rule 702 Motions:**                     September 19, 2025
24          • **Rule 702: Oppositions:**                October 24, 2025
25          • **Rule 702 Replies:**                     November 7, 2025
26          • **Rule 702 Hearing:**                     December 8, 2025
27   //
28   //

United States District Court
Northern District of California

United States District Court
Northern District of California

2.    **Discovery Issues**

a) *Scope of Third-Party Discovery on Walmart Co-Manufacturers*

The Court permits Plaintiffs to seek non-duplicative third-party discovery from Walmart's co-manufacturers regarding heavy metal testing results and documents sufficient to interpret those results as discussed at the conference. This can include existing deviation reports for the ingredients comprising the products at issue.

b) *List of Products Produced by Co-Manufacturers*

Next, Walmart has represented that Plaintiffs already have information on which products were produced by which co-manufacturers, and a list of relevant Bates numbers was shared with Plaintiffs' counsel. (Dkt. No. 286-3.) The parties shall meet and confer either in person or via videoconference on this topic to attempt to resolve the dispute.

c) *Discovery on Six Additional Products Not Listed on Appendix A*

Further, the Court permits Plaintiffs to seek non-duplicative third-party discovery from the co-manufacturers regarding the six additional products identified in paragraph 6 of Mr. Lombardo's Declaration. (Dkt. No. 286-1.) As discussed above, the Court similarly limits this discovery to deviation reports for the ingredients comprising the products as well as heavy metal testing reports and results for said products. However, Plaintiffs will not be permitted to subpoena any new suppliers related to those products beyond the co-manufacturers already identified and subpoenaed.

d) *Third-Party Discovery on Infant Formula Products*

Plaintiffs are not permitted to seek third-party discovery on infant formula products at this time.

e) *Plaintiff Loyalty Program Information*

Regarding Plaintiffs' loyalty program information: By December 26, 2024, Plaintiffs' counsel shall produce to Defendants any loyalty program information currently in their possession, custody, or control. Going forward, as Plaintiffs' counsel develop the Plaintiff Fact Sheets, they shall produce to Defendants any loyalty program information they discover on a rolling basis.

//

f) *Production of Defendants' Full List of Products*

As for production of Defendants' full list of products, the Court denies Plaintiffs' request that Defendants produce such list prior to submission of the initial Plaintiff Fact Sheets.

g) *Interrogatory Responses Dispute*

The parties teed-up a discovery dispute regarding interrogatory responses beginning at page 26 of the parties' Joint Statement For December 12, 2024 Case Management Conference. (Dkt. No. 288.)  The Court determines it would be premature to rule at this time.  Following a proper meet-and-confer, either in person or via videoconference, the parties may submit a joint discovery letter brief, not to exceed 5 single-spaced pages in accordance with the Court's Standing Order.  Should the parties be unable to resolve the dispute, the joint letter brief shall be submitted to the Court by January 6, 2025.

**3.    Plaintiff Fact Sheets**

The parties shall exchange copies of their proposed Plaintiff Fact Sheets by December 20, 2024.  The parties shall then submit their respective proposals to the Court on January 6, 2025.  Further, the parties may concurrently submit a joint letter brief detailing the arguments in support of their respective proposals.  The letter brief shall not exceed 5 pages, with 2.5 pages allocated to each side's proposal.

**4.    Motions to Dismiss**

Defendant Campbell Soup Company mistakenly joined the manufacturers' motion to dismiss and motion to strike the Master Complaint.  (Dkt. No. 283.)  The parties have agreed that Defendants may withdraw the motion and refile.  Defendants shall not make any change to the motion other than removal of Defendant Campbell Soup Company.

Defendant Hain Celestial Group, Inc. raised an issue involving Defendants' argument as presented in footnote 10 of the manufacturers' motion to dismiss and strike the Master Complaint. (Dkt. No. 283.)  As the parties have yet to meet and confer on this issue, it is premature for the Court to render a decision.  Once the parties have conferred, they may raise the issue again for the Court's consideration.

//

United States District Court
Northern District of California

**5.    Subsequent Case Management Conferences**

Subsequent case management conference statements shall not exceed 20 pages, with 10 pages allocated to each side.  Further the Court reschedules the case management conference previously set for May 29, 2025, to May 22, 2025.  The following is the updated list of scheduled conferences: January 23, 2025; February 27, 2025; March 27, 2025; April 24, 2025; May 22, 2025; June 26, 2025; July 24, 2025; and August 28, 2025.  Each conference shall commence in-person at 9:00 a.m.

This Order disposes of Docket No. 286.

**IT IS SO ORDERED.**

Dated: December 16, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

4