1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

10

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

## SAN FRANCISCO DIVISION

12

13

14 IN RE: BABY FOOD PRODUCTS LIABILITY LITIGATION

15

16

17 This Document Relates to:

18 ALL ACTIONS

19

20

21

22

23

24

25

26

27

28

|  |  |
|---|---|
| | Case No. 24-md-3101-JSC |
| | MDL 3101 |
| | Hon. Jacqueline Scott Corley |
| | **JOINT STATEMENT FOR JANUARY 23, 2025 CASE MANAGEMENT CONFERENCE** |
| | Date: January 23, 2025 |
| | Time: 8:00 a.m. PT |
| | Location: Courtroom 8 |
| | 19th Floor 450 Golden Gate Ave. San Francisco, CA 94102 |

1    Plaintiffs and Defendants[1] respectfully submit this Case Management Conference Statement

2    in advance of the January 23, 2025 Case Management Conference.

3    **I.      PLEADING ISSUES**

4            **A.      Short Form Complaints and Rule 12 Motions**

5            At the last status conference, Defendants raised the possibility of filing a motion under

6    Federal Rule of Civil Procedure 12(b) raising lack of standing with regard to an exemplar

7    complaint included in this MDL. Following a meet and confer discussion, the parties have agreed

8    that this issue is best addressed in connection with the short form complaint, which the parties are

9    negotiating. The parties intend to submit a draft short form complaint and proposed pretrial order

10   approving a short form complaint (or competing proposals relating to the same) in advance of the

11   February CMC. If this process does not resolve Defendants' concerns, Defendants will raise those

12   concerns in connection with the next CMC.

13           **B.      Watkins Amended Complaint**

14           On January 6, 2025, Plaintiffs filed an amended complaint in the *Watkins* case. Following

15   a meet and confer discussion, Plaintiffs moved to strike the amended complaint and filed a second

16   amended complaint.

17           Given the recent refiling of the Third Amended Petition and Motion to Strike, Amazon and

18   Whole Foods lack clarity as to whether the Court will permit the Amended Third Amended

19   Petition; which version of the Third Amended Petition is the current, operative complaint in

20   *Watkins*; and whether any opposition briefing is due on original January 24, 2025 deadline

21   (pursuant to the stipulated Order on the briefing schedule, Dkt. 299) or pursuant to the new

22   Amended Third Amended Petition.

23           If the Court grants leave for Plaintiff Watkins to file the Amended Third Amended Petition

24   (which Amazon and Whole Foods do not oppose), Amazon and Whole Foods request that any

25   response to the Amended Third Amended Petition be reset by the January 15, 2025 filing deadline,

26

27   _____
     [1] As used herein, "Defendants" does not include any defendant who is challenging jurisdiction.

28

                                            1

1    to be due February 5, 2025 (21 days after the refiled petition).

2    **II.      DISCOVERY ISSUES**

3        **A.      PTO 11 Update**

4        PTO 11 required Defendants to "identify for Plaintiffs, prior to January 20, 2025, and in an

5    admissible format, the products that correspond to the test results attached as Exhibits E through N

6    of Docket No. 307" and required Plaintiffs to "attempt to quantify the total number of ambiguous

7    test results." The Parties will be prepared to discuss compliance with PTO 11.  Additionally, the

8    Court asked the parties to be prepared to discuss the issue of product identifiers further at the

9    January 23, 2025 CMC, and the parties are prepared to do so.

10        **B.      Joint Letter Briefs**

11        The parties have submitted to the Court letter briefs addressing two additional issues and

12    will be prepared to discuss their positions at the January 23, 2025 CMC: (1) Plaintiff Fact Sheets;

13    and (2) Plaintiffs' request for jurisdictional discovery from Nestle, S.A. and Gerber.

14        **C.      30(b)(6) Depositions**

15        On December 19, 2024, Plaintiffs served each Defendant, including those challenging

16    jurisdiction, with a notice of deposition under Federal Rule of Civil Procedure 30(b)(6). Plaintiffs

17    have agreed to briefly continue those depositions to allow the parties time to resolve objections or

18    to raise them with the Court.

19        **D.      Walmart Third Party Subpoenas**

20        Plaintiffs served several third-party subpoenas and will provide an update to the Court.

21        **E.      Retailer Disclosures**

22        PTO 10 required Plaintiffs to produce, by December 26, 2024, "any loyalty program

23    information currently in their possession, custody, or control." Although this information will be the

24    subject of upcoming Plaintiff's Disclosure Form / Fact Sheet, this early production covered what

25    was readily available for production on a rolling basis.  On December 26, 2024, Defendants received

26    certain information from seven Plaintiffs' law firms. Although Defendants have advised Plaintiffs'

27    Counsel that loyalty program information has not been provided for all Plaintiffs, pursuant to PTO

28    10, Plaintiffs' Counsel represent that the information provided on December 26, 2024, constitutes

1  all of the loyalty information currently in each Plaintiff's counsel's possession, custody, or control,

2  and it will be supplemented on a rolling basis either through informal disclosures or, ideally, through

3  the Plaintiffs' Disclosure / Fact Sheet process, which is the subject of a letter brief (noted above).

4       The Parties are continuing to meet and confer on PTO 10, including the presence of

5  redactions in the information provided, and will be prepared to provide an update to the Court.

6  **III.    SCIENCE DAY**

7       Plaintiffs would like to discuss having a Science Day with the MDL Court—an idea that

8  was originally proposed by Defendants at the first CMC.  Plaintiffs anticipate that this would

9  include attorney presentations about the science in this case, with each side getting a total of 90

10  minutes.  Plaintiffs would present for 75 minutes, Defendants would present for 90 minutes, and

11  Plaintiffs would finish with 15 minutes.  Plaintiffs propose proceeding with this Science Day on

12  the day of the March CMC hearing on March 27, 2025.  There are many complex scientific issues

13  in this case.  Providing an orientation on those issues—before the tedium and advocacy that

14  necessarily accompanies *Daubert* motions overtakes the MDL—would be helpful.

15       At this stage of the MDL, with general causation discovery well underway and a schedule

16  in place for those proceedings, Defendants do not believe a Science Day is necessary or feasible.

17  The Court has front-loaded the issue of general causation and has set aside a week in December to

18  hear Rule 702 motions, including presentation of expert testimony, if warranted. That presentation,

19  along with the voluminous briefs submitted ahead of it, will provide the Court with ample

20  information on the scientific matters at issue in the MDL.  Having a separate science day (consisting

21  of attorney-only presentations) at the end of March, after the completion of most general causation

22  fact discovery and just weeks before disclosure of Plaintiffs' experts' opinions, is not likely to be

23  useful or to aid the Court in deciding any issues that will be before it.

24

25  Dated: January 21, 2025          Respectfully submitted,

26                  WAGSTAFF LAW FIRM

27                  By: */s/ Aimee H. Wagstaff*

28                  Aimee H. Wagstaff (SBN: 278480)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

940 N. Lincoln Street
Denver, Colorado 80203
Telephone: 303.376.6360
Facsimile: 303.376.6361
awagstaff@wagstafflawfirm.com


WISNER BAUM, LLP

By: */s/ R. Brent Wisner*

R. Brent Wisner (SBN: 279023)
rbwisner@wisnerbaum.com
100 Drakes Landing Rd., Suite 160
Greenbrae, CA 94904
Telephone: (310) 207-3233
Facsimile: (310) 820-7444

*Co-Lead Counsel for Plaintiffs in MDL 3101*

Dated: January 21, 2025

DLA PIPER LLP (US)

By: */s/ Brooke Killian Kim*
Brooke Killian Kim (CA Bar No. 239298)
4365 Executive Drive, Suite 1100
San Diego, CA 92121
Telephone: (619) 699-3439
Facsimile: (858) 677-1401
E-mail: brooke.kim@dlapiper.com

*Defendants' Liaison Counsel*

4

1

**ATTESTATION OF CONCURRENCE IN FILING**

2

In accordance with Northern District of California Local Rule 5-1(i)(3), I attest that

3

concurrence in the filing of this document has been obtained from each of the signatories who are

4

listed on the signature page.

5

6

Dated: January 21, 2025                    */s/ Aimee H. Wagstaff*
                                            Aimee H. Wagstaff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STATEMENT FOR JANUARY 23, 2025 CASE MANAGEMENT CONFERENCE
24-MD-3101-JSC

1

**CERTIFICATE OF SERVICE**

2

    I certify that on January 21, 2025, I electronically filed the foregoing Joint Statement with

3

the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel

4

of record.

5

6

                                    /s/ Aimee H. Wagstaff
                                    Aimee H. Wagstaff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STATEMENT FOR JANUARY 23, 2025 CASE MANAGEMENT CONFERENCE
24-MD-3101-JSC