UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: BABY FOOD PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | Case No. 24-md-03101-JSC<br><br>**PRETRIAL ORDER NO. 13**<br><br>Re: Dkt. No. 404 |
|---|---|

This Order confirms the matters discussed during the February 27, 2025 case management conference.

### 1. Short Form Complaints Dispute

The Court adopts the following briefing schedule for the parties' dispute regarding the Short Form Complaints:

- Defendants' Motion: March 7, 2025
- Plaintiffs' Response: March 14, 2025
- Defendants' Reply: March 21, 2025
- Hearing: March 27, 2025

The parties are permitted no more than 15 pages each for the initial brief and opposition, with 5 pages permitted for reply.

### 2. Initial Plaintiff Fact Sheets

As discussed during the conference, the parties shall finalize selection of a vendor for electronic submission of the Plaintiff Fact Sheets by March 6, 2025. Further, the parties shall propose a procedure regarding the time and method of submitting the Fact Sheets at the next case management conference.

### 3. Rule 30(b)(6) Depositions Discovery Dispute

Plaintiffs request leave to take depositions from each Defendant under Rule 30(b)(6). The subject of those depositions would be the "expert" opinions of certain employees regarding the relationship between heavy metals in baby food and neurological injury. Plaintiffs have acknowledged they received the studies themselves, but now wish to ask about the contents of those documents. However, this is what expert discovery is for. If Plaintiffs agree with the contents of the studies, their own experts can incorporate them into their expert reports. If they challenge those studies, they may similarly address those issues in their own expert reports, when deposing Defendants' experts, or when rebutting Defendants' expert reports.

Further, Plaintiffs have not sufficiently explained the relevance of such deposition testimony to general causation. Even if Defendants designate an employee or employees with sufficient knowledge to sit for deposition, that does not make those individuals "experts." The qualification of an expert is a separate inquiry, one that the parties will get to during expert discovery. And so, the testimony of a manufacturer's employee does not go to the question of general causation, namely whether the state of current scientific research confirms heavy metals in the quantities found in manufacturers' baby food can cause autism and ADHD.

For these reasons, and those discussed during the conference, the Court DENIES Plaintiffs' request.

### 4. Walmart Co-Manufacturer Subpoenas

Plaintiffs are permitted to subpoena Walmart's co-manufacturers for relevant product and ingredient formulas prior to December 2017. Walmart shall facilitate production of those documents. The remaining issues regarding production of a sample of co-manufacturer product test results are not ripe for consideration, as the parties have not met and conferred.

### 5. General Causation Schedule

The Court DENIES Plaintiffs' request to continue the current general causation schedule. Plaintiffs may renew their request at a later time upon a showing of new circumstances warranting further delay in the general causation phase.

### 6. Remaining Discovery Disputes

Based on the parties' arguments during the conference, the Court is not convinced the parties have properly met and conferred regarding the remaining discovery disputes not already addressed in this Order. Should the parties be unable to come to agreement, they shall submit a joint discovery dispute letter in accordance with the Court's Civil Standing Order and Pretrial Order No. 12.

### 7. Plum Document Confidentiality Briefing

Defendant Plum noted at the close of the conference that briefing was complete on an administrative motion to seal certain documents. Those same documents are subject to a confidentiality dispute under the Protective Order in this case. The parties have agreed that the Court's ruling on the motion to seal will also resolve the confidentiality dispute under the Protective Order.

### 8. Deadline to Add New Plaintiffs to the MDL

At the March case management conference, the parties shall be prepared to discuss a deadline for adding new plaintiffs to the MDL.

**IT IS SO ORDERED.**

Dated: March 4, 2025

JACQUELINE SCOTT CORLEY
United States District Judge