UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BABY FOOD PRODUCTS LIABILITY LITIGATION<br>_____<br>This document relates to:<br>ALL ACTIONS | Case No. 24-md-03101-JSC<br><br>**PRETRIAL ORDER NO. 15**<br>Re: Dkt. Nos. 420, 427 |

This Order confirms the matters discussed during the March 27, 2025 further case management conference.

### 1. Motion to Strike Allegations re Infant Formula

The Court previously entered a tentative ruling on Defendants' motion to strike allegations regarding infant formula from the Master Complaint as immaterial. (Dkt. No. 427.) With the benefit of further argument on the matter, the Court adopts the tentative ruling previously issued and GRANTS the motion to strike. Therefore, the references to infant formula on ECF pages 8 (line 5) and 9 (lines 13 and 27) of the Master Complaint are stricken. Additionally, the references to infant formula products on Appendix A to the Master Complaint are stricken.

As the Court noted during the conference and in its previous order, this ruling does not prevent Plaintiffs from litigating claims related to infant formula in a proper venue or upon remand to the transferor court.

### 2. Motion for Alternate Service on Defendant Neptune Wellness Solutions

The Court takes the matter under submission and will issue a written order regarding the pending Motion for Alternate Service of Process on Defendant Neptune Wellness Solutions or advise the parties if oral argument is needed.

### 3. Short Form Complaint

At least three days prior to the April CMC, the parties shall submit an updated draft of the Short Form Complaint implementing the following changes:

- Defendants' proposed footnote 1 regarding Pretrial Order No. 5 shall not be included.
- Plaintiffs shall remove the phrases "Upon information and belief" and "to the best recollection" from Section III of the Short Form Complaint.
- In the checklist of products included in Section III, Plaintiffs shall include an approximate time period of consumption by product category (e.g., jars, pouches, cereals, etc.).
- Plaintiffs may include additional products from Defendants in the Short Form Complaint; however, such products will not be considered during the general causation phase.
- Plaintiffs may include additional injuries beyond autism spectrum disorder and attention deficit hyperactivity disorder.  Additional injuries will not be considered within MDL proceedings but may be preserved for adjudication in the transferor court.
- Plaintiffs may include additional causes of action beyond the seven alleged in the Master Complaint.  For each additional cause of action, Plaintiffs must include plausible allegations to support the claim as an attachment to the Short Form Complaint.
- Plaintiffs shall refer to Sprout Foods, Inc. by that name in the Short Form Complaint.
- References to Nestle S.A., Danone S.A., and Hero AG shall be removed from the Short Form Complaint.
- The Short Form Complaint shall include a jurisdiction section demonstrating diversity jurisdiction of the Short Form Complaint.

Further, the parties shall meet and confer regarding the addition of new defendants and propose a procedure for handling the matter.

//

//

**4. Initial Plaintiff Fact Sheets**

As discussed during the conference, the Initial Plaintiff Fact Sheet filed as Docket No. 361 complies with Pretrial Order No. 12 and will be the version adopted for use going forward. Further, each new Plaintiff following issuance of this Order shall have 45 days to serve a completed Initial Plaintiff Fact Sheet after filing of the Short Form Complaint. Current Plaintiffs shall have 60 days to serve a completed Initial Plaintiff Fact Sheet after filing of the Short Form Complaint.

**5. General Causation Schedule**

The Court amends the general causation schedule as follows:

- **Plaintiff Expert Reports**: May 23, 2025
- **Defense Expert Reports**: June 20, 2025
- **Plaintiff Rebuttal Expert Reports**: July 11, 2025
- **Close of GC Discovery**: August 29, 2025
- **Rule 702 Motions**: September 26, 2025
- **Rule 702 Oppositions**: October 24, 2025
- **Rule 702 Replies**: November 7, 2025
- **Rule 702 Hearing**: December 8, 2025

**6. Procedure for Subsequent Joint CMC Statements**

The following procedure shall apply to all subsequent joint CMC statements submitted by the parties:

Seven (7) days prior to the date of the case management conference, Plaintiffs shall share a draft statement with Defendants raising any matters for discussion during the conference as well as their position.

Defendants shall have two (2) business days to either join Plaintiffs' statements, propose edits, draft a separate section on their position, or raise new issues for inclusion in the CMC statement.

Plaintiffs will then have one (1) business day to respond to any newly raised issues, incorporate any agreed-upon edits, and by 5:00 p.m. file the joint CMC statement. So, for

3

example, as applied to the April 24, 2025, case management conference, Plaintiffs shall share a draft with Defendants by April 17.  Defendants will then return the draft to Plaintiffs with their additions by April 21.  Plaintiffs will then add any responses (but not new topics) and submit the CMC statement by 5:00 p.m. on April 22.

### 7. Deadline to Add Plaintiffs to MDL

In the April joint CMC statement, the parties shall propose a deadline to add new plaintiffs to the MDL.

This Order disposes of Docket No. 420.

**IT IS SO ORDERED.**

Dated: March 27, 2025

JACQUELINE SCOTT CORLEY
United States District Judge