UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BABY FOOD PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Watkins v. Nurture, LLC, et al.*,<br><br>Case No. 24-cv-2832 JSC | Case No. 24-md-03101-JSC<br><br>**ORDER RE ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL**<br><br>Re: Dkt. No. 332 |

Pursuant to Civil Local Rule 79-5(f), Plaintiffs filed their Third Amended Petition and certain attachments provisionally under seal so that Defendants may advance a basis for sealing potentially confidential information. (Dkt. No. 332.[1]) Defendants timely filed declarations in support of continued sealing of that information. (*See* Dkt. Nos. 344, 346, 350.) Defendant Hain Celestial Group, Inc. requests sealing of Exhibit F to the Third Amended Petition. (Dkt. No. 344.) Defendant Amazon.com Services, LLC requests sealing of Exhibit E to the Third Amended Petition. (Dkt. No. 346.) And last, Defendant Nurture, LLC requests sealing of Exhibits C and D to the Third Amended Petition as well as references to the contents of those exhibits at Docket Nos. 332-3 ¶¶ 179-191, 332-4 ¶¶ 179-191, and 332-5 ¶¶ 179-191. Having considered the parties' submissions, the Court DENIES Defendants' requests for continued sealing of these exhibits and related references within the Third Amended Petition.

**DISCUSSION**

The Court elaborated the standard for sealing in its prior order denying certain motions to

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  seal in the *Watkins* case. (*See* ECF 481.) Once more, the Court reiterates that standard for the
2  parties' benefit. In the Ninth Circuit, there is "a strong presumption in favor of access to court
3  records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Three
4  standards govern motions to seal, depending on the type of record at issue. For dispositive
5  motions, and those that are "more than tangentially related to the underlying cause of action," a
6  court applies the "compelling reason" standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809
7  F.3d 1092, 1097-99 (9th Cir. 2016). For non-dispositive motions, the moving party need only
8  show "good cause" to merit sealing. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir.
9  2010) ("In *Phillips*, we held that 'good cause' is also the proper standard when a party seeks
10 access to previously sealed discovery attached to a nondispositive motion.") "A third standard
11 covers the 'narrow range of documents' such as 'grand jury transcripts' and certain 'warrant
12 materials' that 'traditionally [have] been kept secret for important policy reasons.'" *Id*. at n.4
13 (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). Here,
14 Defendants move to seal portions of a pleading, which is "more than tangentially related to the
15 underlying cause of action." *See Ctr. for Auto Safety*, 809 F.3d at 1099. Accordingly, the Court
16 applies the compelling reason standard. *See Kamakana*, 447 F.3d at 1184 (applying the
17 "compelling reason" standard to a party's request to redact portions of a complaint).
18       In addition to Ninth Circuit precedent, Civil Local Rule 79-5 offers color to the procedural
19 requirements of a motion to seal. Per Civil L.R. 79-5(a), "[a] party must explore all reasonable
20 alternatives to filing documents under seal, minimize the number of documents filed under seal,
21 and avoid wherever possible sealing entire documents (as opposed to merely redacting the truly
22 sensitive information in a document)." Further, the moving party must address the following in
23 the substance of the motion:

> (1) a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of:
>   i. the legitimate private or public interests that warrant sealing;
>   ii. the injury that will result if sealing is denied; and
>   iii. why a less restrictive alternative to sealing is not sufficient;
> (2) evidentiary support from declarations where necessary; and

> (3) a proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed.

Civil L.R. 79-5(c). Lastly, "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id*.

The Court now addresses each Defendant's request for continued sealing under this standard.

## I.   HAIN'S REQUEST FOR CONTINUED SEALING

Hain submits the declaration of Michael X. Imbroscio in support of continued sealing. The declaration states Exhibit F to the Third Amended Petition should be sealed because it "contains internal Hain correspondence regarding confidential Hain processes in the course of addressing customer complaints," (Dkt. No. 344 ¶ 8), and "was designated CONFIDENTIAL pursuant to the relevant Protective Order," (*id*. ¶ 5). These statements alone do not address Ninth Circuit authority nor the requirements of Civil Local Rule 79-5. To begin, a confidentiality designation made pursuant to a protective order does not presumptively establish a document is sealable. *See* Civil L.R. 79-5(c). Further, Hain does not identify which "confidential Hain processes," if any, are described in the exhibit, nor how publishing those "processes" would lead to injury. Boilerplate assertions of competitive harm are insufficient. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2013 WL 412864, at *2 (N.D. Cal. Feb. 1, 2013) ("Although Samsung recites boilerplate terms that this information is proprietary and confidential, it does not provide a particularized showing of how this information would be detrimental if disclosed."); *Hodges v. Apple, Inc.*, No. 13-CV-01128-WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013) ( "An unsupported assertion of unfair advantage to competitors without explaining how a competitor would use the information to obtain an unfair advantage is insufficient." (internal quotations omitted)).

Despite the Imbroscio Declaration's reference to trade secrets as a basis for sealing here, Hain does not explain how Exhibit F constitutes a trade secret. (*See* Dkt. No. 344 ¶ 7.) Indeed, Exhibit F contains an email chain in which Hain employees respond to an Amazon notification

3

1   that there has been a customer complaint regarding heavy metals in a Hain product.  Hain's

2   decision regarding whether and how to respond to customer complaints does not implicate Hain's

3   proprietary information such that competitor companies could obtain an advantage from its

4   disclosure.  The contents of the declaration are a far cry from the showing of "specific prejudice or

5   harm" required to warrant sealing.  *See* Foltz, 331 F.3d at 1130.

6   Therefore, the Court DENIES Hain's request for continued sealing of Exhibit F to the

7   Third Amended Petition.

## II.   AMAZON'S REQUEST FOR CONTINUED SEALING

Amazon submits the declaration of P. Andrew McStay, Jr. in support of continued sealing. (Dkt. No. 346.)  The declaration states Exhibit E to the Third Amended Petition (identified by the Bates number AMZ_Watkins_00000393) should be sealed for three reasons—none is persuasive. First, Amazon argues the "document contains Amazon's proprietary information reflecting Amazon's internal process, procedures, and structure."  (*Id.* ¶ 9.)  Amazon goes no further in describing which process, procedure, or structure within the document is proprietary, nor how the disclosure of such information would harm Amazon among its competitors.  The Court cannot seal records without a clear factual basis from Amazon establishing a compelling reason.  *See Kamakana*, 447 F.3d at 1179 ("After considering these interests, if the court decides to seal certain judicial records, it must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" (citation omitted)).  Moreover, the contents of the document itself suggest no sealing is warranted.  Exhibit E contains an image of an online dashboard identifying a customer complaint regarding a Happy Baby food product, including the status of resolving such complaint and its safety priority.  It is not clear to the Court, nor does Amazon explain, how resolving customer complaints constitutes proprietary information.

Second, Amazon argues the Protective Order issued in this case warrants sealing of Exhibit E.  (*Id.* ¶ 7.)  The Order states discovery material produced in the *Watkins* litigation "shall not be produced to any Party not named in the *Watkins* Litigation."  (Dkt. 252 ¶ 7.1.)  However, the standard for granting a protective order under Federal Rule of Civil Procedure 26(c) is more lenient than the "compelling reason" standard required to seal a document.  *See Foltz*, 331 F.3d at

1135-36.  The Protective Order, without more, does not permit sealing of Exhibit E.

Third, Amazon notes "the information in AMZ_Watkins_00000393 is not relevant as to any of the other claims and actions in this MDL, particularly given the unique claims asserted against Amazon by the Watkins plaintiffs." (Dkt. No. 346 ¶ 10.)  Even if true, whether the document is relevant to any other claim in the case does not bear on sealing.  Public access to court documents is an independent concern the Court must consider in ruling on a motion to seal, not just the parties' interests in disclosure.  *See Ctr. for Auto Safety*, 809 F.3d at 1096 ("The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" (citation omitted)).

For these reasons, the Court DENIES Amazon's request for continued sealing of Exhibit E to the Third Amended Petition.

### III. NURTURE'S REQUEST FOR CONTINUED SEALING

Nurture submits the declaration of Brooke Killian Kim in support of continued sealing. (Dkt. No. 350.)  The declaration states Exhibits C and D to the Third Amended Petition, as well as related references in the Petition itself, should be sealed because they "reflect internal Nurture discussions regarding confidential Nurture processes in the course of addressing customer complaints." (*Id*. ¶ 5.)  Nurture goes on to argue these discussions "constitute trade secrets under the applicable law," and so their disclosure would cause competitive harm.  (*Id*. ¶¶ 8-9.)  The Court disagrees.  Exhibits C and D comprise email chains beginning with a notice from Amazon that a Nurture product has received customer complaints or has been delisted from Amazon's site. The internal Nurture discussions addressed either the logistics of locating certain information sent by Amazon or how the company intended to respond to Amazon's email.  None of the information concerns Nurture's formulas, how it makes its products, markets or distributes them.  Further, the customer complaints themselves were made on public websites.  Nurture fails to explain how their response to a customer complaint or an inquiry from Amazon constitutes a trade secret.  *See, e.g.*, Cal. Civ. Code § 3426.1(d) (defining a "trade secret" as information that "[d]erives independent economic value, actual or potential, from not being generally known to the public or to other

5

persons who can obtain economic value from its disclosure," and "[i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy.").

Consequently, Nurture has failed to meet the compelling reason standard required to seal these documents, and the Court DENIES the request for continued sealing of Exhibits C and D, as well as references to those exhibits in the Petition.

\* \* \*

As stated above, the Court DENIES Defendants' requests for continued sealing of the exhibits to the Third Amended Petition.

This Order disposes of Docket No. 332.

**IT IS SO ORDERED.**

Dated: June 5, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge