UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BABY FOOD PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 24-MD-3101-JSC<br><br>MDL 3101<br><br>Hon. Jacqueline Scott Corley<br><br>**THE CAMPBELL'S COMPANY'S GENERAL DENIAL AND STATEMENT OF GENERAL AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED MASTER LONG-FORM COMPLAINT** |

Defendant The Campbell's Company ("Campbell") hereby submits it General Denial and Statement of General Affirmative Defenses to Plaintiffs' First Amended Master Long-Form Complaint ("AMC"). Campbell reserves the right to amend or supplement its statement of affirmative defenses and/or serve a pleading when so directed by the Court.

## GENERAL DENIAL

Under Pretrial Order No. 17 (Dkt. No. 487), Campbell provides notice of its general and specific denial of the allegations in the AMC, including each cause of action alleged therein, and Campbell demands strict proof as required by law. Campbell denies that plaintiffs have alleged claims on which relief may be granted. Campbell denies that plaintiffs are entitled to relief of any type by reason of any act, breach, or omission by Campbell.

## STATEMENT OF GENERAL AFFIRMATIVE DEFENSES

Under Pretrial Order No. 17, Campbell alleges the following separate general defenses. By alleging these defenses, Campbell does not allege or admit that it has the burden of proof and/or persuasion. At this time, Campbell has not had adequate opportunity to complete its investigation and discovery concerning these defenses or whether other defenses may apply to these cases.

**FIRST DEFENSE**

The AMC fails to allege facts sufficient to constitute a cause of action against Campbell.

**SECOND DEFENSE**

Plaintiffs' claims in the AMC are precluded for lack of standing.

**THIRD DEFENSE**

To the extent any plaintiff covered by the AMC filed their action in and/or had their action removed to an improper or inconvenient forum, such plaintiff's complaint should be dismissed or transferred for lack of venue and/or *forum non conveniens.*

**FOURTH DEFENSE**

Campbell did not manufacture, design, market, label, distribute, or sell Plum, PBC's ("Plum") baby food products.

**FIFTH DEFENSE**

Plaintiffs fail to allege an actionable duty of care or an actionable duty to warn that Campbell owed to purchasers of Plum's baby food products.

**SIXTH DEFENSE**

The claims in the AMC are barred, in whole or in part, because the methods, standards, and techniques utilized by Plum, Campbell's former subsidiary, in manufacturing, distributing, marketing, or labeling the Plum products at issue in the AMC and in issuing warnings and instructions with respect to their use, conformed with the generally recognized, reasonably available, and reliable state of knowledge at the time the products were manufactured and distributed.  Based on the state of scientific, medical, and technical knowledge at the time Plum marketed and distributed its products, the products were reasonably safe for their normal and foreseeable use; they were not unreasonably dangerous or defective; and the benefit of the products exceeded any risk associated with the products.

**SEVENTH DEFENSE**

The claims in the AMC are barred, in whole or in part, because the baby food products at issue of Plum, Campbell's former subsidiary, were not defective or unreasonably dangerous when they left Plum's control.  At all relevant times, Campbell acted reasonably, prudently, and consistent

with any duties or obligations imposed upon it by law.

**EIGHTH DEFENSE**

The claims in the AMC are barred because plaintiffs cannot proffer scientifically reliable evidence that the Plum products at issue were defective or unreasonably dangerous.

**NINTH DEFENSE**

The claims in the AMC are barred, in whole or in part, because at all relevant times no reasonable, safer alternative design existed for Plum's baby food products that was feasible or economically practical, consistent with the existing state of scientific, medical and technological knowledge.

**TENTH DEFENSE**

The claims in the AMC are barred, in whole or in part, because Campbell had no duty to warn plaintiffs. Alternatively, recovery directly against Campbell due to any alleged failure to warn or inadequacy of warnings about Plum's baby food products is barred because, on information and belief, plaintiffs at all relevant times possessed or should have possessed good and adequate knowledge that negated the need for warning.

**ELEVENTH DEFENSE**

The claims in the AMC are barred, in whole or in part, because, on information and belief, Plum's baby food products at issue did not deviate from the design specifications, formulae, or performance standards of the manufacturer or from other identical units manufactured to the same manufacturing specifications or formulae.

**TWELFTH DEFENSE**

The claims in the AMC are barred, in whole or in part, because Plum product labels were adequate as a matter of law. Plum labels complied with the rules and regulations promulgated by the U.S. Food & Drug Administration ("FDA").

**THIRTEENTH DEFENSE**

The claims in the AMC are barred, in whole or in part, by reason of Campbell's and Plum's compliance with all statutes, regulations, agency guidance, or other laws in effect at the time of the conduct alleged in the AMC.

**FOURTEENTH DEFENSE**

The claims in the AMC are barred, in whole or in part, to the extent that such claims are preempted by federal law.

**FIFTEENTH DEFENSE**

The claims in the AMC are barred, in whole or in part, by Plum's compliance with agency regulations and guidance and by the doctrine of primary jurisdiction.

**SIXTEENTH DEFENSE**

To the extent that any claims in the AMC are based on alleged communications by Campbell or Plum with regulatory agencies of the United States government or the U.S. Congress, such claims are barred, in whole or in part, by the right under the First and Fourteenth Amendments to petition the government.

**SEVENTEENTH DEFENSE**

The claims in the AMC are barred, in whole or in part, because, if any of Plum's baby food products is found to be defective, such defect is an inherent characteristic of the product that cannot be eliminated without substantially compromising the value, usefulness or desirability of the product.

**EIGHTEENTH DEFENSE**

The claims in the AMC are barred, in whole or in part, because they are vague, ambiguous, and fail to adequately notify Campbell of the contentions against it.

**NINETEENTH DEFENSE**

Campbell cannot be jointly and severally liable for acts or omissions of third parties that are separate and distinct from the alleged acts or omissions of Campbell where the alleged injury is divisible from and greater than any injury allegedly caused by Campbell.

**TWENTIETH DEFENSE**

Plaintiffs are not entitled to recover more than Campbell's fair, equitable, and proportionate share, if any, of the damages and costs sought, or to otherwise recover from Campbell more than the amount of such relief, if any, for which Campbell is directly liable (which liability is denied). Any damages sought by plaintiffs from Campbell, if awarded, should be reduced by amounts

recovered from any other source, and plaintiffs are barred from double recovery regardless of the nature or source of such recovery.

**TWENTY-FIRST DEFENSE**

Plaintiffs' alleged injuries were caused or contributed to by the intervening acts, superseding negligence, and/or subsequent conduct or fault on the part of persons, entities, third parties, or non-parties over whom Campbell had no control or right of control and, therefore, the claims in the AMC are barred and/or Campbell is entitled to an apportionment of damages under the applicable law of any relevant jurisdiction.

**TWENTY-SECOND DEFENSE**

The relief demanded from Campbell in the AMC is barred based on the doctrines of contributory fault or comparative fault.

**TWENTY-THIRD DEFENSE**

The claims in the AMC are barred by the misuse of the Plum baby food products listed in Appendix A to the AMC.

**TWENTY-FOURTH DEFENSE**

The claims in the AMC are barred, in whole or in part, because any injury, loss or damage allegedly sustained by plaintiffs was directly and proximately caused and/or contributed to by alleged risks that were fully and actually known to those acting on behalf of plaintiffs, who fully and actually appreciated the nature and scope of the potential alleged hazards created thereby, and voluntarily assumed said alleged risks and the potential consequences thereof. Additionally, the claims in the AMC are barred, in whole or in part, because a reasonable purchaser and/or consumer would have been aware of the alleged risks of the products listed in Appendix A to the AMC.

**TWENTY-FIFTH DEFENSE**

The applicable statutes of limitations and/or repose bar the claims in the AMC.

**TWENTY-SIXTH DEFENSE**

The claims in the AMC are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

**TWENTY-SEVENTH DEFENSE**

Plaintiffs' recovery under the claims in the AMC is barred, in whole or in part, to the extent plaintiffs failed to make reasonable efforts to mitigate or avoid damages.

**TWENTY-EIGHTH DEFENSE**

To the extent any plaintiff seeks equitable relief, such relief is barred, in whole or in part, because there is an adequate remedy at law.

**TWENTY-NINTH DEFENSE**

The claims in the AMC are barred, in whole or in part, because plaintiffs, and those acting on their behalf, did not rely on representations, statements, and/or omissions by Campbell.

**THIRTIETH DEFENSE**

The claims in the AMC are barred, in whole or in part, because plaintiffs' alleged injuries were not proximately caused by the Plum baby foods at issue or by any act or omission by Campbell.

**THIRTY-FIRST DEFENSE**

Plaintiffs' alleged injuries and/or expenses, if any, were caused, in whole or in part, by pre-existing physical, medical, psychological and/or other conditions, including latent or unidentified conditions in which Campbell had no involvement, over which Campbell had no control, and for which Campbell had no legal responsibility. Such conditions constitute independent, intervening and sole proximate causes of plaintiffs' alleged injuries or damages.

**THIRTY-SECOND DEFENSE**

Plaintiffs' damages, if any, may be barred, limited, or offset in the amount of any reimbursement received by plaintiffs from any collateral source such as insurance or other health-benefits plan, Social Security, worker's compensation, or employee-benefit program.

**THIRTY-THIRD DEFENSE**

The claims in the AMC are barred, in whole or in part, by the doctrines of merger, bar, collateral estoppel, res judicata, release, discharge, and accord and satisfaction.

**THIRTY-FOURTH DEFENSE**

The claims in the AMC are barred because the utility and benefits of the Plum products at issue outweigh the risk of danger or harm, if any, from those products.

**THIRTY-FIFTH DEFENSE**

The claims in the AMC are barred, in whole or in part, by the First and Fourteenth Amendments to the United States Constitution, and by similar provisions in applicable State constitutions, that protect, among other things, Campbell's right to petition the government.

**THIRTY-SIXTH DEFENSE**

The claims in the AMC fail to state facts sufficient to warrant an award of exemplary or punitive damages.

**THIRTY-SEVENTH DEFENSE**

Plaintiffs are not entitled to an award of punitive or exemplary damages in this action. Such an award would be unconstitutional unless Campbell is accorded the safeguards provided under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and comparable State constitutional provisions.

**THIRTY-EIGHTH DEFENSE**

Campbell asserts the provisions of all applicable statutory caps on damages of any sort, including compensatory, punitive, non-economic, or exemplary damages under any applicable State regulations and laws. To the extent plaintiffs seek punitive or exemplary damages against Campbell, any award of punitive damages is subject to limitation of punitive damages contained in any applicable statute.

**THIRTY-NINTH DEFENSE**

To the extent plaintiffs demand punitive damages, Campbell incorporates by reference any and all standards and limitations regarding the determination and/or enforceability of punitive damages awards in *BMW of North America, Inc. v. Gore,* 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424 (2001), *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008), as well as standards and limitations arising under federal and state law.

**FORTIETH DEFENSE**

To the extent that plaintiffs' claims in the AMC are based on alleged misrepresentations to

the FDA, such claims are barred under *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001).

### FOURTY-FIRST DEFENSE

The claims in the AMC are barred due to plaintiffs' failure to join necessary and indispensable parties.

### FORTY-SECOND DEFENSE

To the extent any claim for relief in the AMC seeks to recover damages against Campbell for alleged acts or omissions of any predecessor or successor to Campbell's ownership interest in Plum, Campbell cannot be held liable for any such acts or omissions. Campbell further asserts that it cannot be held liable for punitive damages and/or exemplary damages which are or may be attributable to the conduct of any predecessor or successor to Campbell's ownership interest in Plum.

### FORTY-THIRD DEFENSE

The claims in the AMC are barred to the extent any plaintiff contends that Campbell is the alter ego of Plum, that the corporate veil between Campbell and Plum should be pierced, that Campbell is the agent of Plum, or that Plum is the agent of Campbell. The AMC includes no actionable allegations—and plaintiffs have disclaimed any contention—that Campbell is the alter ego of Plum, that the corporate veil between Campbell and Plum should be pierced, that Campbell is the agent of Plum, or that Plum is the agent of Campbell.

### FORTY-FOURTH DEFENSE

Campbell claims the benefit of all defenses and presumptions set forth in or arising from any applicable law or rule of law or governing statute of any State, including but not limited to any relevant product liability acts, that would otherwise limit or bar any of the claims asserted by plaintiffs.

### FORTY-FIFTH DEFENSE

Campbell incorporates all available state-law defenses, including but not limited to all defenses applicable under state products liability law.

### FORTY-SIXTH DEFENSE

Campbell hereby preserves any and all defenses of lack of personal jurisdiction based on individual plaintiffs' allegations that were not included in the AMC.

### FORTY-SEVENTH DEFENSE

Campbell incorporates by reference each defense asserted by any other defendant.

### RESERVATION OF RIGHTS

Campbell reserves the right to raise such further and additional defenses as may be available under applicable substantive law based on facts learned in discovery.

October 13, 2025                                Respectfully submitted,

**COZEN O'CONNOR**

*/s/ Peter M. Ryan*
Peter M. Ryan
Joan M. Taylor
1650 Market St., Suite 2800
Philadelphia, PA 19103

Brett Nicole Taylor
401 Wilshire Blvd., Suite 850
Santa Monica, CA 90401

*Counsel for The Campbell's Company*

## CERTIFICATE OF SERVICE

I certify that on October 13, 2025, I electronically filed the foregoing **THE CAMPBELL'S COMPANY'S GENERAL DENIAL AND STATEMENT OF GENERAL AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED MASTER LONG-FORM COMPLAINT** with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ Peter M. Ryan
Peter M. Ryan