BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, P.C.
Steven F. Griffith, Jr. (LSBA #27232)
bballay@bakerdonelson.com
Brian M. Ballay (LSBA #29077)
bballay@bakerdonelson.com
Samuel L. Felker (Florida Bar No. #123800)
samfelker@bakerdonelson.com
Alexandra B. Rychlak (LSBA #37612)
arychlak@bakerdonelson.com
N. Kordell Caldwell (LSBA #40301)
kcaldwell@bakerdonelson.com
201 St. Charles Ave.,
Suite 3600
New Orleans, LA  70170
Telephone:     (504) 566-5200
Facsimile:      (504) 636-4000

Attorneys for Defendant
Whole Foods Market Services, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: BABY FOOD PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*Watkins v. Nurture, LLC, et al.*<br>Case No. 3:24-cv-02832-JSC | Case No. 24-MD-3101-JSC<br><br>MDL 3101<br><br>Hon. Jacqueline Scott Corley<br><br>**WHOLE FOODS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE [DKT. 682]** |

Defendant Whole Foods Market Services, Inc. ("Whole Foods") respectfully submits this Opposition to Plaintiff's Motion for Leave to File a Motion for Reconsideration of the Court's December 3, 2024 Order[1] Dismissing Plaintiff's Negligence Claim against Whole Foods (the "Motion for Leave").  Plaintiff's Motion for Leave should be denied for failing to comply with the basic tenants of Local Rule 7-9.  Without waiving any future right to timely oppose a Motion for Reconsideration should Plaintiff's Motion for Leave be granted, Whole Foods presently opposes the procedural Motion for Leave.

## LAW AND ANALYSIS

### A.  Plaintiff's Motion for Leave Violates Local Rule 7-9(b)(2).

Plaintiff asserts "the emergence of new material facts" where no such facts exist.  Despite Plaintiff's best efforts, the Court's October 1, 2025 Order (Dkt. 623) did not "establish" new facts.  Rather, the October 1, 2025 Order found that Whole Foods' alleged knowledge of the October 2019 Healthy Babies Bright Futures Report (the "Report") "permitted a plausible inference that Whole Foods' employees were aware of the presence of heavy metals in the baby food prior to sale and disseminated that information internally." (Dkt. 623, at p. 3).  Thus, the purported "new material facts" is the Report and/or the facts supposedly inferencing Whole Foods' alleged knowledge of the Report, ***not*** the Court's Order rendering a finding which considered the Report.

Plaintiff carefully crafted his words to circumvent this unpleasant fact, because it is plainly demonstrated in the record of this case that the Report is not a "new material fact."  As Whole Foods has asserted (*see* Dkt. 428, at p. 6), and Plaintiff does not deny, the Whole Foods' email containing the Report was produced on April 9, 2024, ***before*** the creation of this MDL, more than four months ***before*** the ***Second*** Amended Petition was filed (Dkt. 214, filed 8/15/2024), about seven

---

[1] Dkt. 285.

months **before** counsel for Plaintiff represented to this Court that Plaintiff was only seeking a Negligent Undertaking theory against Whole Foods (*See* Dkt. 457, at p. 11), and about eight months **before** the December 3, 2024 Order dismissing Plaintiff's negligence claim against Whole Foods was rendered.  This Court has expressly cited "a motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation[.]'" *t'Bear v. Forman*, 17-CV-00796-JSC, 2020 WL 703888, at *4 (N.D. Cal. Feb. 12, 2020)(relying on *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).  What Plaintiff is attempting to do violates this jurisprudence.  The "new" evidence upon which Plaintiff is seeking reconsideration is evidence which was demonstrably in the possession of Plaintiff long before the operative complaint was filed.  Plaintiff should not be allowed to engage in such a practice, whereby now that he has obtained a ruling allowing the bad faith redhibition claim to survive dismissal, he seeks to resurrect a negligence claim based on an argument not previously made in his multiple attempts to assert a viable negligence claim.[2]

**B.  Plaintiff's Motion for Leave was NOT Brought with Reasonable Diligence.**

As explained above, the October 1, 2025 Order did not create "new material facts" it merely analyzed an argument not previously asserted before the Court.  As of the filing of the Motion for Leave, Plaintiff had been in possession of the purported "new" facts for almost two years – before the commencement of this MDL.  By no stretch or construction of the phrase could sitting on this "evidence" for nearly two years be considered "reasonably diligent."  Northern District of California Courts have refused to find reasonable diligence in even more stringent circumstances. *See In re Finisar Corp. Sec. Litig.*, 5:11-CV-01252-EJD, 2019 WL 2247750, at *5 (N.D. Cal. May 24, 2019)(finding that, even where the document was produced after the interlocutory order, reconsideration was inappropriate because the moving party failed to show that they could not have

---

[2] *See* Dkt. 204 (filed 07/23/2024), Dkt. 285 (filed 12/03/2024), and Dkt. 457 (filed 04/23/2025).

discovered the underlying information contained in the document prior to the rendering of the order); and *Hamzeh v. Pharmavite LLC*, 24-CV-00472-HSG, 2025 WL 1810082, *2 (N.D. Cal. July 1, 2025)(finding that the party did not move with reasonable diligence to raise new case law which was rendered less than one month before the Court issued its Order).

## CONCLUSION

Plaintiff failed to advance arguments based on evidence readily available to him at the time such arguments were made. Whole Foods should not be called to re-litigate resolved issues because Plaintiff believes he might succeed if he advances arguments he failed to raise previously. Otherwise, any litigant can continue to raise new arguments after rulings by the Court, years after having the ability to bring them without any end or finality in sight. Plaintiff has not properly alleged grounds for leave to file a motion for reconsideration of the dismissal of his negligence claim against Whole Foods as required by Local Rule 7-9. Accordingly, Plaintiff's Motion for Leave to File should be DENIED.

Dated: December 5, 2025

Respectfully submitted,

By: /s/ Brian M. Ballay
Steven F. Griffith, Jr. (pro hac vice)
sgriffith@bakerdonelson.com
Brian M. Ballay (pro hac vice)
bballay@bakerdonelson.com
Samuel L., Felker (pro hac vice)
samfelker@bakerdonelson.com
Alexandra B. Rychlak (pro hac vice)
arychlak@bakerdonelson.com
N. Kordell Caldwell (pro hac vice)
kcaldwell@bakerdonelson.com
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000

**Counsel for Defendant
Whole Foods Market Services, Inc.**

## PROOF OF SERVICE

I certify that on December 4, 2025, I electronically filed the foregoing Opposition to Plaintiff's Motion for Leave with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ *Brian M. Ballay*
Brian M. Ballay (*pro hac vice*)