BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, P.C.
Steven F. Griffith, Jr. (LSBA #27232)
bballay@bakerdonelson.com
Brian M. Ballay (LSBA #29077)
bballay@bakerdonelson.com
Samuel L. Felker (Florida Bar No. #123800)
samfelker@bakerdonelson.com
Alexandra B. Rychlak (LSBA #37612)
arychlak@bakerdonelson.com
N. Kordell Caldwell (LSBA #40301)
kcaldwell@bakerdonelson.com
201 St. Charles Ave.,
Suite 3600
New Orleans, LA  70170
Telephone:     (504) 566-5200
Facsimile:     (504) 636-4000


Attorneys for Defendant
Whole Foods Market Services, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: BABY FOOD PRODUCTS LIABILITY LITIGATION | Case No. 24-MD-3101-JSC |
| | MDL 3101 |
| | Hon. Jacqueline Scott Corley |
| This Document Relates To: | **REPLY MEMORANDUM OF RETAILER DEFENDANTS IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF JMW'S CASE-SPECIFIC RESPONSE IN OPPOSITION (REC. DOC. 739)** |
| *Watkins v. Nurture, LLC, et al.* Case No. 3:24-cv-02832-JSC | |
| | Date: August 13, 2026 |
| | Time:  10:00 A.M. |
| | Courtroom: 8 – 19th Floor 450 Golden Gate Avenue San Francisco, California |

- i -                                                                 Case No. 24-md-3101-JSC

**RETAILER DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS RULE 12 MOTION TO DISMISS PLAINTIFF'S CLAIM OF REDHIBITION AGAINST A SELLER WITH KNOWLEDGE**

4937-5801-7461v2
2922176-000141 06/15/2026

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii

INTRODUCTION ............................................................................................................... 1

A.    JMW's Allegations ................................................................................................. 3

B.    Louisiana Redhibition and Personal Injury Claims ........................................... 4

C.    The Law Requires JMW to Prove General Causation. ....................................... 7

D.    Alternatively, the Court's General Causation Ruling Applies Because Plaintiff JMW's Action *MUST* be for Personal Injury. ................................................... 9

CONCLUSION ................................................................................................................. 13

Case No. 24-md-3101-JSC

**RETAILER DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS RULE 12 MOTION TO DISMISS PLAINTIFF'S CLAIM OF REDHIBITION AGAINST A SELLER WITH KNOWLEDGE**

4937-5801-7461v2
2922176-000141 06/15/2026

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Addison v. Louisiana Reg'l Landfill Co.*,
  2024 WL 3293512 (E.D. La. July 3, 2024).............................................................................. 6

*Baudin v. AstraZeneca Pharms. LP*,
  413 F. Supp. 3d 498 (M.D. La. 2019) ................................................................................. 5, 8

*Cashio v. Kojis & Sons Signs*,
  568 So.2d 1388 (La. Ct. App. 1st Cir. 1990) ................................................................... 11, 12

*Deloach Spray Foam Insulation, LLC v. Briggs & Stratton, Corp.*,
  645 F. Supp. 3d 563 (W.D. La. 2022)............................................................................... 4, 10

*Diaz v. Goodyear Tire & Rubber Co.*,
  2008 WL 4528186 (M.D. La. Oct. 1, 2008) ........................................................................... 5

*Engilis v. Monsanto Co.*,
  151 F.4th 1040 (9th Cir. 2025).......................................................................................... 3, 8

*Franks v. Royal Oldsmobile Co., Inc.*,
  605 So.2d 633 (La. Ct. App.1992) ....................................................................................... 11

*Hollybrook Cottonseed Processing, LLC v. Carver, Inc.*,
  No. 09-750, 2011 WL 2214936 (W.D. La. June 6, 2011) ....................................................... 7

*In re Hanford Nuclear Rsrv. Litig.*,
  292 F.3d 1124 (9th Cir. 2002)............................................................................................... 8

*In re Vioxx Products Liability Litigation*,
  MDL No., 1657, 2010 WL 2649513 (E.D. La. June 29, 2010) ................................................ 7

*Miranda v. Toyota Motor Sales USA, Inc.*, CIV.A.,
  10-4155, 2010 WL 5058370 (E.D. La. Dec. 2, 2010)..................................................... 10, 11

*Modicue v. Prince of Peace Auto Sale, LLC*,
  328 So. 3d 1239 (La. App. 2 Cir. 9/22/21) .......................................................................... 7, 9

*PHI, Inc. v. Apical Indus., Inc.*,
  2021 WL 67726 (W.D. La. Jan. 7, 2021)..................................................................... 1, 5, 7, 10

*Philippe v. Browning Arms Co.*,
  395 So.2d 310 (La.1980)........................................................................................... 7, 9, 10

*Pipitone v. Biomatrix, Inc.*,
  288 F.3d 239 (5th Cir. 2002).......................................................................................... 5, 8

*Reeves v. Great Atl. & Pac. Tea Co.*,
  370 So. 2d 202 (La. Ct. App.)............................................................................................. 12

*Reeves v. the Great Atl. & Pac. Tea Co., Inc*,
  372 So. 2d 568 (La. 1979)............................................................................................ 12, 13

*Trahan v. Savage Indus., Inc.*,
  96-1239 (La.App. 3 Cir. 3/5/97); 692 So.2d 490 ........................................................ 10, 11, 12

*Weber v. Fidelity & Cas. Ins. Co. of New York*,
  250 So.2d 754 (La. 1971)..................................................................................................... 7

Case No. 24-md-3101-JSC

**RETAILER DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS RULE 12 MOTION TO DISMISS PLAINTIFF'S CLAIM OF REDHIBITION AGAINST A SELLER WITH KNOWLEDGE**

4937-5801-7461v2
2922176-000141 06/15/2026

**Statutes**

Louisiana Civil Code article 2520 ....................................................................................... 1, 2, 4
Louisiana Civil Code article 2545 .............................................................................. 2, 4, 7, 11, 12
Louisiana Civil Code article 2315 .............................................................................. 5, 6, 10, 12

**RETAILER DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS RULE 12 MOTION TO DISMISS PLAINTIFF'S CLAIM OF REDHIBITION AGAINST A SELLER WITH KNOWLEDGE**

4937-5801-7461v2
2922176-000141 06/15/2026

Defendants Whole Foods Market Services, Inc. ("Whole Foods") and Amazon.com Services LLC ("Amazon") (collectively the "Retailer Defendants") respectfully submit this reply memorandum in support of Defendants' Motion for Summary Judgment ("Motion") (Dkt. 728) in response to Plaintiff JMW's Case-Specific Response in Opposition to Defendants' Motion for Summary Judgment (Dkt. 739).[1]

## INTRODUCTION

MDL Defendants seek summary judgment on the grounds that general causation is an essential element of all claims consolidated in this MDL, and admissible expert testimony (which Plaintiffs did not provide) is required to establish it.  Motion, p. 1 (Dkt. 728).  Following the Court's February 27, 2026 Order excluding all of Plaintiffs' general causation experts (Dkt. 710), JMW lacks the evidentiary foundation necessary to sustain any claim predicated upon the theory that the Defendants' baby food products were "tainted by levels of heavy metals *sufficient to cause* ASD," Dkt. 427, Fourth Amended Complaint ("FAC"), at ¶ 124 (emphasis added), i.e., that the products sold by the Retailer Defendants were defective.

JMW attempts to escape this evidentiary requirement by pleading a toxic-exposure theory under a "redhibition" label rather than a negligence label; however, JMW's "redhibition" claim (which is actually a claim for personal injury) requires a showing of general causation.  *PHI, Inc. v. Apical Indus., Inc.*, 2021 WL 67726, at *13 (W.D. La. Jan. 7, 2021) ("A redhibition claim *has a causation element*.  The plaintiff must prove that his injuries were caused by the redhibitory defect; a plaintiff in redhibition cannot recover damages attributable to other causes.") (emphasis added).

Moreover, to establish a "defect" under Article 2520 that would have deterred purchase,

---

[1] To the extent JMW's separate Opposition is proper as a matter of procedure and the Court is inclined to consider it, Retailer Defendants submit this reply in response and adopt and incorporate by reference the general reply filed by All Defendants.

- 1 -

**RETAILERS DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS RULE 12 MOTION TO DISMISS PLAINTIFF'S CLAIM OF REDHIBITION AGAINST A SELLER WITH KNOWLEDGE**

4937-5801-7461v2
2922176-000141 06/15/2026

JMW must be able to demonstrate that the products were defective as he has pleaded repeatedly, i.e., that the heavy metal levels are capable of causing the neurological injuries he alleges. Without that causal link, JMW cannot prove the existence of a cognizable "defect" under Louisiana law because lead and arsenic are ubiquitous in the environment, present in virtually all foods, and typical in the source foods used in the subject baby foods.[2] As the Court has noted, "the toxins at issue are lead and arsenic, which are ubiquitous in the environment."[3] To establish that the levels in Defendants' products constitute a "defect," JMW must prove those levels are capable of causing harm—which is precisely the general causation question this Court has resolved.

Further, JMW, who is the sole Plaintiff in the *Watkins* lawsuit,[4] cannot recover on a redhibition claim because he is not the buyer of the relevant products. Louisiana Civil Code Article 2520 provides that a ***buyer*** may obtain rescission of a sale where the thing sold contains a defect that "renders the thing useless, or its use so inconvenient that it must be presumed that a ***buyer*** would not have bought the thing had he known of the defect." La. Civ. Code art. 2520 (emphasis added). Such a defect may give a buyer the right to obtain rescission of the sale, or, if the buyer would have still bought the product but for a lesser price, a reduction of the purchase price. *Id.* Article 2545 expands remedies where the seller knew of the defect and "omit[ted] to declare it," entitling the buyer to restitution of the price, sale-related expenses, statutory attorney's fees, and damages. La. Civ. Code art. 2545. JMW's parents, not JMW, bought the relevant products. Accordingly, Louisiana law forecloses JMW from asserting a warranty claim based in redhibition,

---

[2] Healthy Babies Bright Futures, *What's In My Baby's Food?*, at p. 10. https://hbbf.org/sites/default/files/2022-12/BabyFoodReport_ENGLISH_R6_0.pdf (October 2019).
[3] Dkt. 710, Order re Defendants' Motion to Exclude Plaintiffs' Expert Witnesses, at p. 30.
[4] *See Margaret Watkins, et al. v. Plum, PBC, et al.*, 22-CV-00551, R. Docs. 161-163 (E.D. La. 2023) (Plaintiffs Stipulations of Voluntary Dismissal of all claims in this litigation asserted by Margaret Watkins, James A. Watkins, and minor child, RAW, respectively).

- 2 -                                                          Case No. 24-md-3101-JSC

**RETAILERS DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS RULE 12 MOTION TO DISMISS PLAINTIFF'S CLAIM OF REDHIBITION AGAINST A SELLER WITH KNOWLEDGE**

4937-5801-7461v2
2922176-000141 06/15/2026

and thus JMW's claim must be dismissed via summary judgment as a matter of law.

**A. JMW's Allegations**

JMW's redhibition claim is not a garden-variety product warranty dispute about a mechanical malfunction or an obvious physical defect. Rather, it is inextricably tethered to the same toxic-tort theory underlying every other claim in this MDL: that lead and arsenic in baby food products caused neurodevelopmental harm, specifically ASD. Dkt. 427, FAC, ¶¶ 25, 58, 92, 123-24. JMW has clearly adopted general causation as part of his allegation of a redhibitory defect, i.e., if the alleged quantities of heavy metals were insufficient ***to cause*** injury, then the baby food product is not defective under Plaintiff's own theory.

JMW attempts to frame redhibition as operating in a causation-free zone, arguing that "general causation is not an essential element of Louisiana bad-faith-seller redhibition" and that the claim turns solely on "a consumer-expectations question." This proposition is contrary to Louisiana law. JMW's argument attempts to conflate the fact that he need not prove the **particular cause of the defect**, with the requirement that he must prove ***the defect caused*** the complained of damages. The defect must exist at the time of sale and must be of sufficient magnitude to trigger the statutory remedy. In cases involving alleged toxic contamination—as opposed to cases involving a broken transmission or a leaking roof—the existence of the defect is synonymous with proof that the levels of contamination can cause harm.[5] Without evidence that the baby food products purchased from the Retailer Defendants are capable of causing injury, JMW cannot establish a "defect" that would have deterred purchase. JMW's attempt to collapse this into a pure subjective inquiry—would you

---

[5] Under Ninth Circuit law, in a toxic-tort claim for physical injuries, a plaintiff must "show that he was exposed to chemicals that could have caused the physical injuries he complains about (general causation), and that his exposure did in fact result in those injuries (specific causation)." *Engilis v. Monsanto Co.*, 151 F.4th 1040, 1045 (9th Cir. 2025).

- 3 -                                                                    Case No. 24-md-3101-JSC

**RETAILERS DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS RULE 12 MOTION TO DISMISS PLAINTIFF'S CLAIM OF REDHIBITION AGAINST A SELLER WITH KNOWLEDGE**

buy food "laced with lead and arsenic"[6]—is an improper sleight of hand. All food contains some amount of heavy metals. The question is whether the Defendants' products cause JMW's alleged injuries. That is a scientific question requiring expert testimony, and this Court has excluded such testimony from Plaintiffs' experts.[7]

### B. Louisiana Redhibition and Personal Injury Claims

"Redhibition actions are contractual in nature."[8] Redhibition is defined in Louisiana Civil Code article 2520 (emphasis added):

> A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect *gives a buyer the right to obtain rescission of the sale*.

> A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect *limits the right of a buyer to a reduction of the price*.

Simply put, a claim in redhibition allows a purchaser to avoid or obtain a reduced price from a sale of a thing based on a defect in the thing sold. Liability of a seller with knowledge of the defect prior to the sale is set forth in Louisiana Civil Code article 2545 (emphasis added):

> A seller who knows that the thing he sells has a defect but omits to declare it, or a seller who declares that the thing has a quality that he knows it does not have, is *liable to the buyer for the return of the price* with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees. If the use made of the thing, or the fruits it might have yielded, were of some value to the buyer, such a seller may be allowed credit for such use or fruits.
> A seller is deemed to know that the thing he sells has a redhibitory defect when he is a manufacturer of that thing.

Under Louisiana law, a *buyer* may recover "the value of the product or other economic loss" on a

---

[6] Dkt. 739, Watkins Opposition to MSJ, at p. 6.
[7] Dkt. 710, Order re Exclusion of Ps Experts, at p. 42-43.
[8] *Deloach Spray Foam Insulation, LLC v. Briggs & Stratton, Corp*., 645 F. Supp. 3d 563, 569 (W.D. La. 2022).

- 4 -                                                     Case No. 24-md-3101-JSC

**RETAILERS DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS RULE 12 MOTION TO DISMISS PLAINTIFF'S CLAIM OF REDHIBITION AGAINST A SELLER WITH KNOWLEDGE**

redhibition claim.[9]  That is, the buyer is entitled to a return or reduction of the purchase price, and in the case of a seller with knowledge, compensation for any costs and expenses associated with the sale.  The purpose of a redhibition action is to compensate a ***buyer*** for the economic expenditure incurred on a defective product; a claim not rooted in economic loss is a *de facto* personal injury claim.  Louisiana federal courts have recognized "[t]he Louisiana Civil Code makes clear that recovery under a theory of redhibition is limited to purely economic loss and not recovery for personal injury."  *Baudin v. AstraZeneca Pharms. LP*, 413 F. Supp. 3d 498, 512-13 (M.D. La. 2019).  *See also Diaz v. Goodyear Tire & Rubber Co.*, 2008 WL 4528186, at *5 (M.D. La. Oct. 1, 2008) ("The redhibition cause of action does not 'sound in damages *ex delicto*.'").  More, redhibition requires a showing of causation.  As stated by the Western District of Louisiana, "[a] redhibition claim ***has a causation element***. The plaintiff must prove that his injuries were caused by the redhibitory defect; a plaintiff in redhibition cannot recover damages attributable to other causes."*PHI, Inc.*, 2021 WL 67726, at *13.

Despite alleging as part of his redhibition claim that the baby food products subject to this Court's 702 hearing *caused* ASD, JMW argues that "[n]one of those elements turns on a scientifically validated causal link between contamination and any particular physical injury." JMW's proposition--that the general causation analysis is inapplicable to his redhibition claim-- inappropriately leans on JMW's misconception regarding the nature of redhibition claims, rather than the substance of his actual claim.  The Civil Code article providing the foundation for recovery for personal injury in Louisiana is Article 2315, which provides:

> A.  Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
>
> B.  Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for

---

[9] *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 251 (5th Cir. 2002).

**RETAILERS DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS RULE 12 MOTION TO DISMISS PLAINTIFF'S CLAIM OF REDHIBITION AGAINST A SELLER WITH KNOWLEDGE**

4937-5801-7461v2
2922176-000141 06/15/2026

wrongful death of an injured person. Damages do not include costs for future medical treatment, services, surveillance, or procedures of any kind unless such treatment, services, surveillance, or procedures are directly related to a manifest physical or mental injury or disease. Damages shall include any sales taxes paid by the owner on the repair or replacement of the property damaged.

JMW's claim is properly subject to summary judgment because JMW cannot establish—through admissible evidence—that the products at issue were defective in a manner that renders them actionable under Louisiana Civil Code Articles 2315, *et seq*. The Eastern District of Louisiana concisely explains the standard for causation in the context of toxic tort claims in Louisiana in *Addison v. Louisiana Reg'l Landfill Co.*:

> In any personal injury suit arising under Louisiana law, the plaintiff bears the burden of proving by a preponderance of the evidence that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries. The test for determining the causal relationship between the accident and subsequent injury is whether the plaintiff proved through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident. In toxic tort cases, proof of causation has two components, general and specific. The issue of "general causation" is defined as whether a substance is capable of causing a particular injury or condition in the general population, whereas the issue of "specific causation" is defined as whether a substance caused a particular individual's injury. Evidence of specific causation is admissible only if there is evidence of general causation.[10]

Heavy metals are ubiquitous in the environment. The presence of the heavy metals themselves is not and cannot be the defect. Unless the heavy metal content is shown to be 1) a deviation from the expected composition of similar products; *and* 2) the actual source of the allegedly deleterious result (i.e., unless it can be shown the heavy metals *caused ASD*), then the existence of the metals alone does not render the product defective. The causation hearing directly addressed the existence of a defect because if the product cannot be found to be capable of causing an injury/condition in the general population, then the product cannot be determined to be defective.

---

[10] *Addison v. Louisiana Reg'l Landfill Co.*, 2024 WL 3293512, at *5 (E.D. La. July 3, 2024) (citing cases)(internal quotes omitted).

- 6 -                                                                 Case No. 24-md-3101-JSC

**RETAILERS DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS RULE 12 MOTION TO DISMISS PLAINTIFF'S CLAIM OF REDHIBITION AGAINST A SELLER WITH KNOWLEDGE**

4937-5801-7461v2
2922176-000141 06/15/2026

**C. The Law Requires JMW to Prove General Causation.**

JMW argues that "General causation is ***not*** an essential element of Louisiana bad-faith seller redhibition."[11]  This argument is incorrect.  It is well settled law that "[a] redhibition claim ***has a causation element***.  The plaintiff must prove that his injuries were caused by the redhibitory defect; a plaintiff in redhibition cannot recover damages attributable to other causes." *PHI, Inc.*, 2021 WL 67726, at \*13 (emphasis added) (citing *Hollybrook Cottonseed Processing, LLC v. Carver, Inc.*, No. 09-750, 2011 WL 2214936, at \*3 (W.D. La. June 6, 2011); *Weber v. Fidelity & Cas. Ins. Co. of New York*, 250 So.2d 754, 755 (La. 1971); and *In re Vioxx Products Liability Litigation*, MDL No. 1657, 2010 WL 2649513, at \*21 (E.D. La. June 29, 2010) ("This Court concludes that Plaintiff's redhibition claim fails because Plaintiff did not prove causation.")).  In fact, the Louisiana Supreme Court has specifically recognized causation as an aspect of pleading a redhibition claim, "[w]henever plaintiff's petition alleges facts sufficient to entitle him to redhibition (defect, damage ***and causation***), he is also entitled to recover reasonable attorney fees under article 2545 regardless of whether his suit is labeled in tort or in redhibition."[12]  It is without question Louisiana law requires JMW prove the subject baby foods caused his complained of injuries.  The general causation inquiry is not only relevant, but critical to his redhibition claim.

More, Louisiana Courts have held that a buyer must prove "the actual existence of such defects."[13]  But "existence" of a defect in the context of an alleged toxic exposure necessarily requires evidence that the substance at the levels present can cause harm.  A product containing naturally occurring elements present throughout the food supply is not "defective" merely because those elements exist—it is defective only if their presence renders the product unfit for its intended

---

[11] Dkt. 739, Watkins Opposition to MSJ, at p. 1.
[12] *Philippe v. Browning Arms Co.,* 395 So.2d 310, 312 (La.1980) (emphasis added).
[13] *Modicue v. Prince of Peace Auto Sale, LLC*, 328 So. 3d 1239, 1246 (La. App. 2 Cir. 9/22/21).

**RETAILERS DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS RULE 12 MOTION TO DISMISS PLAINTIFF'S CLAIM OF REDHIBITION AGAINST A SELLER WITH KNOWLEDGE**

4937-5801-7461v2
2922176-000141 06/15/2026

purpose or harmful to the consumer.  This determination requires scientific evidence of general causation.[14]

In *Baudin*, the plaintiff brought an action in redhibition and for personal injuries based on a claim that a drug he was prescribed caused him to develop gastric cancer.  *Baudin v. AstraZeneca Pharms. LP*, 413 F. Supp. 3d 498 (M.D. La. 2019).   The Court found that the plaintiff plead sufficient facts to demonstrate the existence of a redhibitory defect because he plead, in detail:

> [T]he genesis of [the product]… the difference between "PPI's", including [the product], and "H2 antagonists"… how PPI's affect the stomach and digestive system and cause gastric cancer; what gastric cancer is; *the epidemiology between PPI's and gastric cancer*; the *scientific studies supporting these allegations*; and how Defendants allegedly concealed this information to manufacture, market, and sell [the product] as a safe pharmaceutical to treat peptic disorders.[15]

The *Baudin* Court also found that the plaintiff's redhibition claim could proceed because plaintiff properly alleged detailed factual allegations that "scientific literature and studies support findings that [the product], a PPI, *causes or develops gastric cancer*[.]"[16]   The *Baudin* Court clearly contemplated a showing that the product *caused the injuries complained of* as part of "the essential elements of a redhibition claim[.]"[17]  The court also specified that the plaintiff's claim for recovery under redhibition was properly limited to economic loss from the purchase of the product.[18]

In the context of a toxic exposure claim, JMW cannot establish that the baby food products are defective without showing that said exposure was indeed toxic.  JMW suggests the motion improperly sweeps the redhibition claim under a toxic-tort theory "it never explains."[19]  But all of JMW's claims rest on a single factual predicate: that the baby food products caused harm.  The

---

[14] *See Pipitone v. Biomatrix, Inc.*, 288 F.3d at 245; *see also Engilis*, 151 F.4th at 1045 (9th Cir.2025); and *In re Hanford Nuclear Rsrv. Litig.*, 292 F.3d 1124, 1133-35 (9th Cir. 2002).
[15] *Baudin*, 413 F. Supp. 3d at 501.
[16] *Id.* at 513 (emphasis added).
[17] *Id.* at 514.
[18] *Id.* at 514.
[19] Dkt. 739, Watkins Opposition to MSJ, at p. 3.

- 8 -                              Case No. 24-md-3101-JSC

**RETAILERS DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS RULE 12 MOTION TO DISMISS PLAINTIFF'S CLAIM OF REDHIBITION AGAINST A SELLER WITH KNOWLEDGE**

4937-5801-7461v2
2922176-000141 06/15/2026

Court structured the MDL to resolve this threshold question first.[20]  A claim cannot escape summary judgment merely by carrying a different label when it rests on identical facts for which the plaintiff lacks evidence.

Separately, JMW confuses "causation" -- a necessary element to establish a redhibition claim -- with not needing to establish the particular cause *of the defect*.  JMW cites *Modicue*, where the court of appeal stated: "The buyer of an automobile who asserts a redhibition claim need not show the particular cause of the defects making the vehicle unfit for the intended purpose, **but rather must simply prove the actual existence of such defects**[.]" *Modicue*, 328 So. 3d at 1246 (bold emphasis added).  Without question, JMW has alleged that the baby food products were defective because they cause personal injury.[21]  The use of the phrase "cause of the defect" in the context of traditional mechanical malfunctions, as presented in *Modicue*, can be more easily translated as the ***source*** of the defect.  In simpler terms, the JMW need not show what *caused* the alleged defect in the product to manifest, but rather must still prove that the purported defect in the product *actually exists*.  Applying the law to the case at bar, JMW need not demonstrate *why*, but, JMW must demonstrate that the baby food products are capable of causing ASD, IQ loss, and other neurodevelopmental disorders (i.e., general causation).  JMW cannot meet the criteria set forth in the *Modicue* case JMW cites to based on this Court's ruling.[22]

**D. Alternatively, the Court's General Causation Ruling Applies Because Plaintiff JMW's Action *MUST* be for Personal Injury.**

It does not matter how the allegations of a petition are labeled; the Court looks to the substance of the pleadings to determine what claims are being brought.[23]  It is evident that JMW's

---

[20] See Dkt. 710, at 12–13; and Dkt. 728, at 2–4.
[21] Dkt. 427, FAC at ¶¶ 123 & 124 (emphasis added).
[22] Dkt. 710, Order re Exclusion of Plaintiffs' Experts, at p. 42-43.
[23] *See Philippe*, 395 So.2d 312.

- 9 -                                                          Case No. 24-md-3101-JSC

**RETAILERS DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS RULE 12 MOTION TO DISMISS PLAINTIFF'S CLAIM OF REDHIBITION AGAINST A SELLER WITH KNOWLEDGE**

4937-5801-7461v2
2922176-000141 06/15/2026

claim is actually one to recover for alleged personal injuries. In *Philippe*, the Louisiana Supreme Court held that "the duty of the manufacturer is fixed by that part of the Civil Code dealing with sales, but that recovery for the injury arises under Article 2315." *Philippe* dealt with a claim for personal injury damages, along with seeking restitution only available via redhibitory relief. The *Philippe* Court recognized that "Louisiana has a fact pleading system, and that recovery may be had under any legal theory which is justified by the well pleaded facts in the petition."[24]  Thus, even where, as is the present case, JMW frames his cause of action as a "redhibition claim," recovery is proper under the cause of action supported by the facts alleged. In this case, JMW has not alleged facts to support a redhibition claim, but has instead factually alleged damages for personal injury. And this Court's ruling on general causation forecloses any personal injury claim under any theory. Further, even if JMW's claims could be properly framed as a redhibition claim, *Philippe*, and the overwhelming Louisiana federal jurisprudence is clear that JMW must plead facts sufficient to allege "causation" to be entitled to recover for redhibition.[25]  This is markedly different from, and does not conflict with other jurisprudential uses of, the term "cause."  As discussed previously, "cause" refers to the source of the defect itself, whereas causation refers to the link between the purported defect and the complained of injury.

Moreover, "[r]edhibition actions are contractual in nature,"[26] and Louisiana law is clear that ***only the purchaser*** of a product may bring a valid redhibition claim.[27] Because JMW—Plaintiff— did not purchase the baby food products at issue, he does not have standing to bring a redhibition claim as a matter of law. In *Trahan v. Savage Indus., Inc.*, 96-1239 (La.App. 3 Cir. 3/5/97); 692

---

[24] *Id.*
[25] *Id.*; *PHI, Inc.*, 2021 WL 67726, at *13.
[26] *Deloach Spray Foam Insulation, LLC*, 645 F. Supp. at 569.
[27] *Miranda v. Toyota Motor Sales USA, Inc.*, CIV.A. 10-4155, 2010 WL 5058370, at *1 (E.D. La. Dec. 2, 2010) ("Under Louisiana law, Plaintiff has no action in redhibition because he was not the buyer of the subject vehicle; Plaintiff was the donee of the subject vehicle.").

- 10 -                                                    Case No. 24-md-3101-JSC

**RETAILERS DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS RULE 12 MOTION TO DISMISS PLAINTIFF'S CLAIM OF REDHIBITION AGAINST A SELLER WITH KNOWLEDGE**

4937-5801-7461v2
2922176-000141 06/15/2026

So.2d 490, 499, *writ denied*, 97-1636 (La. 10/3/97); 701 So.2d 207, and *writ denied*, 97-1652 (La. 10/3/97); 701 So.2d 209, the court specifically held that even where a parent purchases a product and gifts it to their minor child, the child has no cause of action in redhibition.  There, the Court recognized:

> While we agree that the distinction between [plaintiff] as a donee of the **buyer** and an actual **buyer** is superficial, the legislature had not addressed the issue at the time of the accident and did not do so in the 1995 amendment to article 2545. Until the legislature does address the issue, we are constrained to apply the law as written.[28]

In *Trahan*, the plaintiff brought a suit for personal injuries resulting from the faulty discharge of a shotgun, purchased and given to plaintiff by his father when the plaintiff was 10 years old.[29]  The trial court granted the plaintiff attorney's fees under a theory of redhibition.[30]  The appellate court overturned the award of attorney's fees, finding they were only available under a theory of redhibition, and since the plaintiff was not the buyer of the purportedly defective product, the plaintiff could not recover under the theory of redhibition.[31]

This principle of disallowing a non-purchaser to bring a claim in redhibition has held true in various cases where the Plaintiff was not the purchaser.[32]  As court of appeal in *Cashio* succinctly stated:

> Simply put, no case has allowed a non-purchaser to recover attorney's fees from a manufacturer/seller in a products liability action for the obvious reason that a non-purchaser does not have a cause of action in redhibition for the avoidance of the sale, or in quanti minoris for the reduction of the purchase price. The non-purchaser may not therefore use La.Civ.Code art. 2545 to recover attorney's fees and expenses occasioned by the sale.

---

[28] *Trahan*, 692 So.2d at 499.  (Note: As of the date of this filing, the Louisiana Legislature **has not amended** Article 2545 since 1995, prior to the rendering of the *Trahan* case).
[29] *Id*. at 492-93.
[30] *Id*. at 494.
[31] *Id*. at 499.
[32] *Cashio v. Kojis & Sons Signs*, 568 So.2d 1388, 1389 (La. Ct. App. 1st Cir. 1990), *writ denied sub nom. Cashio v. Kojis & Sons Sign*, 572 So.2d 47 (La.1991) (involving an employee suing in for damages suffered from a product he used in his employment, but was purchased by his employer); *Miranda*, 2010 WL 5058370 at *1-2 (involving a suit brought in redhibition on a vehicle donated to plaintiff him following his mother's succession); *Franks v. Royal Oldsmobile Co., Inc.*, 605 So.2d 633, 634-35 (La. Ct. App.1992) (denying redhibition claims where plaintiff "filed no evidence of having ever purchased the car as an individual.").

- 11 -

Case No. 24-md-3101-JSC

**RETAILERS DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS RULE 12 MOTION TO DISMISS PLAINTIFF'S CLAIM OF REDHIBITION AGAINST A SELLER WITH KNOWLEDGE**

4937-5801-7461v2
2922176-000141 06/15/2026

Plaintiff is not within those classes of persons entitled to the remedy of La.Civ.Code art. 2545.[33]

It is undisputed that JMW, the minor child of James and Margaret Watkins, is the only plaintiff in this litigation.[34] It is also undisputed that the parents of JMW, not JMW himself, purchased the subject baby food products. *See* Fourth Amended Petition, Dkt. 475, at ¶ 115 ("…induced **the parents** of JMW **to purchase and use** the Baby Food as 'baby food.'") (emphasis added). Thus, JMW does not have a cause of action for return of the purchase price, or a reduction of the sale price, because he did not purchase the subject baby food products. JMW is also therefore not entitled to attorneys' fees and expenses occasioned by the sale. As a result, any claim asserted on behalf of JMW **must** be subject to a tort-based general causation analysis, to recover for the purported personal injuries he allegedly sustained. JMW's "right to recover for personal injuries caused by the [supposed] defect[s] in the [subject baby food products] arise[] under La.Civ.Code art. 2315 et. seq.[]"[35]

The oft-discussed *Reeves* case distinctly highlights the discrepancy present in the case at bar. In *Reeves*, the actual purchaser was a plaintiff to the suit and maintained her "redhibitory action and seeking attorney's fees, independent of the personal injury demand made on behalf of her minor son."[36] In the present case, the actual purchaser(s) are not parties, and thus JMW **cannot** have alleged facts sufficient to properly plead redhibition damages. The only feasible damages at issue are for personal injury on behalf of JMW. As stated in *Reeves*, "[a]lthough ostensibly this suit appears to award attorney's fees in a products liability case, it actually does not. Attorney's

---

[33] *Cashio v. Kojis & Sons Signs*, 568 So.2d at 1390.
[34] *See* Fourth Amended Petition, Dkt. 475, at ¶ 1 ("Plaintiff JMW ('Plaintiff'), represented in this lawsuit by his parents and guardians *ad litem*, is a five-year-old boy who lives with several neurological and cognitive injuries…").
[35] *Trahan*, 692 So.2d at 499.
[36] *Reeves v. Great Atl. & Pac. Tea Co.*, 370 So. 2d 202, 207 (La. Ct. App.), *writ denied sub nom. Reeves v. Great Atl. & Pac. Tea Co.*, 371 So. 2d 835 (La. 1979), and *writ denied sub nom. Reeves v. the Great Atl. & Pac. Tea Co., Inc*, 372 So. 2d 568 (La. 1979).

- 12 -                                                    Case No. 24-md-3101-JSC

**RETAILERS DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS RULE 12 MOTION TO DISMISS PLAINTIFF'S CLAIM OF REDHIBITION AGAINST A SELLER WITH KNOWLEDGE**

fees are awarded only on the basis of Mrs. Reeves' demand for rescission. Personal injury damages are awarded separately on a tort theory."[37] This Court's causation inquiry is clearly applicable to JMW's claims against the Retailer Defendants.

## CONCLUSION

For all of the reasons provided in this Court's February 27, 2026 Order excluding all of Plaintiffs' general causation experts and as explained in the Defendants' Motion for Summary Judgment and Reply (which is incorporated herein by reference), and for all of the reasons stated above, Defendants Whole Foods Market Services, Inc. and Amazon.com Services LLC respectfully pray this court grant summary judgment as to all claims by Plaintiff, JMW, against Retailer Defendants in the *Watkins* litigation.

Dated: June 15, 2026

Respectfully submitted,

By: /s/ Brian M. Ballay
Steven F. Griffith, Jr. (pro hac vice)
sgriffith@bakerdonelson.com
Brian M. Ballay (pro hac vice)
bballay@bakerdonelson.com
Samuel L., Felker (pro hac vice)
samfelker@bakerdonelson.com
Alexandra B. Rychlak (pro hac vice)
arychlak@bakerdonelson.com
N. Kordell Caldwell (pro hac vice)
kcaldwell@bakerdonelson.com
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Telephone:   (504) 566-5200
Facsimile:   (504) 636-4000

---

[37] *Id.*

**RETAILERS DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS RULE 12 MOTION TO DISMISS PLAINTIFF'S CLAIM OF REDHIBITION AGAINST A SELLER WITH KNOWLEDGE**

4937-5801-7461v2
2922176-000141 06/15/2026

**Counsel for Defendant**
**Whole Foods Market Services, Inc.**


By: /s/ *Ashley Vulin*
Ashley Vulin (pro hac vice)
P. Andrew McStay, Jr. (pro hac vice)
Verónica Muriel Carrioni (pro hac vice)
Davis Wright Tremaine LLP
560 SW 10th Avenue, Suite 700
Portland, OR 97205
Telephone: (503) 778-5493
Facsimile: (503) 276-5793
AshleyVulin@dwt.com
Andymcstay@dwt.com
veronicamuriel@dwt.com

**Counsel for Defendant**
**Amazon.com Services LLC**

## PROOF OF SERVICE

I certify that on June 15, 2026, I electronically filed the foregoing Reply Memorandum in Support of Summary Judgment with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ *Brian M. Ballay*
Brian M. Ballay (*pro hac vice*)

- 14 -                                     Case No. 24-md-3101-JSC

**RETAILERS DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS RULE 12 MOTION TO DISMISS**
**PLAINTIFF'S CLAIM OF REDHIBITION AGAINST A SELLER WITH KNOWLEDGE**

4937-5801-7461v2
2922176-000141 06/15/2026