United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BABY FOOD PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | Case No. 24-md-03101-JSC<br><br>**ORDER RE: PENDING ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 552, 570, 575, 580, 613, 617, 639, 641, 660, 753 |

Currently before the Court are 10 administrative motions to seal various filings. In prior orders, the Court has laid out the legal standard applicable to these motions. (*See, e.g.*, Dkt. No. 489.) Here, the Court merely notes the "compelling reasons" standard applies to a motion to seal documents that are "more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097-99 (9th Cir. 2016). For non-dispositive motions, the moving party need only show "good cause" to merit sealing. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). Applying these standards where appropriate, the Court considers each of the pending motions.

**A. Dkt. No. 552**

Defendant Gerber moves to seal portions of Exhibits 4 through 8 accompanying Plaintiffs' omnibus opposition brief. (Dkt. No. 553.) As to each exhibit, the Court rules as follows:

- Exhibit 4: GRANTED as to the chart on Dkt. No. 552-4 at 4. Otherwise, DENIED. Defendant has not shown the high-level conversation about the need for lower arsenic levels in rice that occurs in these emails would cause competitive harm.
- Exhibit 5: GRANTED.

- Exhibit 6: GRANTED as to the chart on Dkt. No. 552-6 at 3. Otherwise, DENIED. Defendant has not shown the email discussion about reducing specific arsenic levels in rice would cause competitive harm.
- Exhibit 7: GRANTED.
- Exhibit 8: GRANTED.

**B. Dkt. No. 570**

Defendant The Campbell's Company moves to seal portions of its reply brief in support of the motion to dismiss Plaintiffs' First Amended Master Long-Form Complaint. The Court rules as follows:

- ECF pg. 5, DENIED. Defendant has not shown how disclosure of Mr. Spitzenberger's testimony about his involvement in setting heavy metal limits would cause competitive harm.
- ECF pg. 7, DENIED. Similarly, Defendant does not show the mere fact of Mr. Spitzenberger's involvement in setting heavy metal limits would cause competitive harm.

**C. Dkt. No. 575**

Plaintiffs provide a redacted copy of Exhibit 8, which was the subject of the sealing motion at Docket No. 552, and had previously been incorrectly filed. The Court permitted filing of the correct attachment. See Dkt. No. 597. As the Court noted in its analysis of the motion at Docket No. 553, the request to seal the identified portions of Exhibit 8 is GRANTED.

**D. Dkt. No. 580**

Gerber moves to seal Exhibits 9, 11, and 12 to Plaintiffs' opposition to the Foreign Defendants' motion to dismiss. As to each exhibit, the Court rules as follows:

- Exhibit 9: GRANTED.
- Exhibit 11: As to Dkt. No. 580-14 at 2, the paragraph beginning with "Supplier" and ending with "choose to," GRANTED. The sentence beginning with "Cal" under the "Chlorate" heading, GRANTED. The five lines under the phrase "Actions to reach low arsenic and well safe chlorate levels," GRANTED.

Otherwise, DENIED.

- Exhibit 12: GRANTED.

**E. Dkt. No. 613**

Defendant Nurture moves to seal certain compensation information related to the deposition of Dr. Filipelli. (Dkt. No. 627 ¶ 5.) Plaintiffs oppose. (Dkt. No. 630.) Given the narrowly tailored redactions, Dr. Filipelli's privacy interest in personal financial information, and the irrelevance of this information to the underlying case, the motion to seal is GRANTED.

**F. Dkt. No. 617**

Defendant Nurture moves to seal certain heavy metal test results located at pages 122-123 and 127-128 of the expert report of Dr. Carolyn Scrafford. Defendant argues that each individual result may not be a trade secret, but combined, they reveal Nurture's proprietary testing practices, and thus public disclosure would cause competitive injury. (*See* Dkt. No. 628 ¶ 7.) Plaintiffs oppose the motion, arguing the levels of heavy metals are central to the case and already subject to public disclosure by law. (*See* Dkt. No. 630 at 4.) As to pages 122-123, the Court agrees with Plaintiffs. The testing result information included therein is subject to public disclosure, and Defendant has not identified a specific competitive harm that would occur from disclosure of the heavy metal testing results. Accordingly, the motion to seal these pages is DENIED. However, as to pages 127-128, certain information beyond the testing results poses a threat of revealing proprietary information about the patterns and practices behind Nurture's product testing. Therefore, the Court GRANTS the motion to seal as to the market share information and the weighted mean. Further, the motion is GRANTED as to the test report date and year information included on the tables. Otherwise, DENIED.

**G. Dkt. No. 639**

Defendants Beech-Nut and Gerber move to seal certain Exhibits to Defendants' opposition to the motion to exclude Dr. Carolyn Scrafford and Dr. Robert Gibbons. Plaintiffs oppose. (Dkt. No. 643.) Having reviewed the parties' submissions, the Court rules as follows:

- Exhibit 5: GRANTED, except as to the word "carrots."
- Exhibit 6: GRANTED as to the specification levels. Otherwise, DENIED. Defendant

has not shown competitive harm will result from disclosure of testing results for batches of carrots. Further, there does not appear to be any confidential sourcing or supplier information included in the table.

- Exhibit 7: GRANTED. Testing results for substances beyond heavy metals have no bearing on the litigation and pose a threat of competitive harm by revealing Gerber's testing methodology that is not already subject to public disclosure.

**H. Dkt. No. 641**

Plaintiffs filed this administrative motion to consider whether another party's material should be sealed regarding certain documents referenced in Plaintiffs' omnibus opposition to the motion to exclude their experts. Defendants did not submit a supporting declaration to confirm such materials warrant sealing. *See* N.D. Cal. Civ. L.R. 79-5(f)(3). Accordingly, the motion to seal is DENIED.

**I. Dkt. No. 660**

Plaintiffs filed this administrative motion to consider whether another party's material should be sealed regarding certain documents referenced in their reply brief in support of the motion to exclude Defendants' experts. Defendants did not submit a supporting declaration to confirm such materials warrant sealing. *See* N.D. Cal. Civ. L.R. 79-5(f)(3). Accordingly, the motion to seal is DENIED.

**J. Dkt. No. 753**

Defendants filed this administrative motion to consider whether another party's material should be sealed regarding certain documents referenced in their opposition to the second motion to remand. Plaintiffs withdrew their confidentiality designation and do not seek to seal the material. (Dkt. No. 755.) Accordingly, the motion is DENIED.

//

//

//

//

//

United States District Court
Northern District of California

The parties SHALL refile versions of the documents identified in this order in accordance with the above rulings by October 30, 2026.

This Order disposes of Docket Nos. 552, 570, 575, 580, 613, 617, 639, 641, 660, and 753.

**IT IS SO ORDERED.**

Dated: September 30, 2026

JACQUELINE SCOTT CORLEY
United States District Judge