United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BABY FOOD PRODUCTS LIABILITY LITIGATION<br>This Order Relates To:<br>*VanOstrand v. Beech-Nut*, et al., 25-cv-02853 | Case No. 24-md-03101-JSC<br>**ORDER RE: SUBJECT MATTER JURISDICTION** |

This MDL consolidates for pretrial proceedings hundreds of state law product liability personal injury actions. The Court ordered the parties to identify cases in which diversity jurisdiction does not exist. The parties did so and the Court dismissed those cases without prejudice. (Dkt. No. 734.) The parties also identified one case, *VanOstrand v. Beech-Nut*, 25-cv-02853, in which diversity jurisdiction does not exist, but Plaintiff contends it pleads a substantial federal question sufficient to confer federal subject matter jurisdiction. (Dkt. No. 733 at 3.) The Court subsequently ordered the parties to brief whether the Court has subject matter jurisdiction of that action. Now pending before the Court are the parties' written submissions in which all agree the complaint presents a sufficient federal question. (No. 25-cv-02853 Dkt. Nos. 11, 13.) After carefully considering the parties' submissions, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and DISMISSES this action without prejudice. The Court does not have federal question subject matter jurisdiction.

**DISCUSSION**

"[T]he mere consent of parties cannot confer upon a court of the United States the jurisdiction to hear and decide a case." *In re Landmark Fence Co., Inc.*, 801 F.3d 1099, 1102 (9th Cir. 2015) (quoting *People's Bank v. Calhoun*, 102 U.S. 256, 260–61 (1880)). So, even when

both parties agree there is federal jurisdiction, the Court has "an independent duty to examine [its] own subject matter jurisdiction." *Bank of New York Mellon v. Watt*, 867 F.3d 1155, 1157 (9th Cir. 2017) (cleaned up).

The Complaint pleads only state law claims. (No. 25-02853 Dkt. No. 8.) Count VIII, a negligence-per-se claim, is premised on violations of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 342 and 343. (*Id.* at 31-32.) Section 342 defines "adulterated food." Section 243 defines when a food is "misbranded." Plaintiff contends this negligence-per-se claim falls within a "special and small category" of state-law claims that arise under federal law for purposes of 28 U.S.C. § 1331 "because federal law is 'a necessary element of the ... claim for relief.'" *City of Oakland v. BP PLC*, 969 F.3d 895, 904 (9th Cir. 2020) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699, (2006)). Under this narrow exception,

> federal jurisdiction over a state-law claim will lie if a federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." All four requirements must be met for federal jurisdiction to be proper.

*City of Oakland*, 969 F.3d at 904–05. The third factor—whether the federal issue is "substantial"—"focuses on the importance of a federal issue to the federal system as a whole. An issue has such importance when it raises substantial questions as to the interpretation or validity of a federal statute, or when it challenges the functioning of a federal agency or program." *Id.* at 905.

Plaintiff contends the negligence-per-se claim poses such a substantial question because the court will have to interpret section 342(a)(1) which provides a food is adulterated if it contains a "poisonous or deleterious substance which may render it injurious to health." Similarly, pursuant to section 343, the claim presents the question of whether Defendants' baby food labeling is "false or misleading." So, argues Plaintiff, "Count VII requires construction of statutory terms that govern food manufacturers nationwide" and thus present a federal issue sufficient to confer federal question jurisdiction. (Dkt. No. 11 at 6.) Not so.

In *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804 (1986), the plaintiffs alleged their children were injured by their mother's ingestion of Bendectin during pregnancy. *Id.* at 805. Their state-law complaints alleged there was a rebuttable presumption of negligence because the

United States District Court
Northern District of California

drug was "misbranded" within the meaning of the FDCA because its labeling did not provide an adequate warning. *Id.* at 806. The drug manufacturer removed the complaints to federal court on the grounds the negligence claim supported federal question jurisdiction. The United States Supreme Court held the negligence claim alleging an FDCA misbranding violation did not support federal question jurisdiction.

As it was (and still is) undisputed the FDCA does not contain a private right of action, the Court concluded it

> would flout congressional intent to provide a private federal remedy for the violation of the federal statute. We think it would similarly flout, or at least undermine, congressional intent to conclude that the federal courts might nevertheless exercise federal-question jurisdiction and provide remedies for violations of that federal statute solely because the violation of the federal statute is said to be a "rebuttable presumption" or a "proximate cause" under state law, rather than a federal action under federal law.

*Id.* at 812; *id.* at 814 ("We simply conclude that the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction."). In so holding, the Court specifically rejected the manufacturer's argument "that there is a powerful federal interest in seeing that the federal statute is given uniform interpretations, and that federal review is the best way of insuring such uniformity." *Id.* at 815. The Court reasoned:

> To the extent that petitioner is arguing that state use and interpretation of the FDCA pose a threat to the order and stability of the FDCA regime, petitioner should be arguing, not that federal courts should be able to review and enforce state FDCA-based causes of action as an aspect of federal-question jurisdiction, but that the FDCA pre-empts state-court jurisdiction over the issue in dispute. Petitioner's concern about the uniformity of interpretation, moreover, is considerably mitigated by the fact that, even if there is no original district court jurisdiction for these kinds of action, this Court retains power to review the decision of a federal issue in a state cause of action.

*Id.* at 816. So, the Supreme Court held the precise claim alleged here—a state law negligence claim relying on the FDCA—does not give rise to federal question jurisdiction.

The parties' insistence the Supreme Court's subsequent decision in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005), renders *Merrell Dow*

United States District Court
Northern District of California

inapplicable is unavailing. They contend *Grable* clarified that the absence of a private right of action in the incorporated federal statute is not dispositive of the substantial federal question issue. True. But *Grable*, in fact, reaffirms *Merrell's* holding that state law negligence claims premised on the FDCA do not raise a substantial federal issue sufficient to confer federal question jurisdiction. As the *Grable* Court explained:

> The absence of any federal cause of action affected *Merrell Dow's* result two ways. The Court saw the fact as worth some consideration in the assessment of substantiality. But its primary importance emerged when the Court treated the combination of no federal cause of action and no preemption of state remedies for misbranding as an important clue to Congress's conception of the scope of jurisdiction to be exercised under § 1331. The Court saw the missing cause of action not as a missing federal door key, always required, but as a missing welcome mat, required in the circumstances, when exercising federal jurisdiction over a state misbranding action would have attracted a horde of original filings and removal cases raising other state claims with embedded federal issues. For if the federal labeling standard without a federal cause of action could get a state claim into federal court, so could any other federal standard without a federal cause of action. And that would have meant a tremendous number of cases.

*Id.* at 318. The *Grable* Court thus concluded *Merrell Dow*'s analysis "fits within the framework of examining the importance of having a federal forum for the issue, and the consistency of such a forum with Congress's intended division of labor between state and federal courts." *Id*. at 319. Defendants' representation that the "case law does not provide a definitive answer as to whether this federal issue is substantial" (Dkt. No. 13 at 3) is thus wrong. *Merrell Dow*, and indeed *Grable*, considered essentially these very state-law claims and concluded they do not present a federal question.

**CONCLUSION**

As there is no diversity or federal question jurisdiction, this action is DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated: October 13, 2026

Jacqueline Scott Corley
JACQUELINE SCOTT CORLEY
United States District Judge